550 P.2d 894 (1976)
ASSOCIATION OF OWNERS, SATELLITE APARTMENT, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
Walter H. OTTE and Ruth I. Otte, Defendants-Appellees.
No. 75-554.
Colorado Court of Appeals, Div. I.
May 20, 1976.
*895 William D. Schaneman, Colorado Springs, for plaintiff-appellant.
Robert Dunlap, Colorado Springs, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, Association of Owners, Satellite Apartment, Inc., (Association) appeals from an adverse summary judgment holding that its suit instituted on November 19, 1973, for injunctive relief against defendants, Walter H. and Ruth I. Otte, was barred by the one-year statute of limitations set out in C.R.S. 1963, 118-8-4, (now § 38-41-119, C.R.S. 1973). We affirm.
The Association's original complaint consisted of two counts: The first alleged that defendants had violated certain provisions of both the condominium declaration and the corporate bylaws of the Association, in that defendants had enclosed a balcony contiguous to the condominium unit which they owned; the second count alleged that, by virtue of constructing the glass enclosure, defendants trespassed upon a "limited common element." The Association prayed for a mandatory injunction requiring removal of the enclosure. Prior to the hearing, the Association abandoned its cause of action in trespass, and hence we do not reach the issue of whether the one-year statute of limitations barred that action.
The case was submitted to the court on the following stipulated facts: That Plaintiff is an association of all owners, tenants and occupants of the Satellite apartment building, which building is a condominium created pursuant to a recorded condominium declaration; that the condominium is composed of individual units as defined in the condominium declaration; that defendants owned and occupied unit C-1007 and were and are members of the Association; that the Association's affairs were controlled by its bylaws; that defendants had the exclusive use of the balcony adjoining their condominium unit while the Association reserved the right of entry onto said balcony; that defendant Ruth I. Otte was appointed by the board of directors as a member of the architectural committee to study a standard structure for balcony storage; that memoranda were circulated to all occupants stating that balconies were "limited common elements" as defined in the condominium declaration, and that occupants were specifically prohibited from constructing balcony enclosures; that on or about September 30, 1970, defendants completely enclosed the balcony appurtenant to their condominium unit with glass from floor to ceiling without approval of the board of directors; that on August 13, 1971, the board of directors of the Association demanded removal of the balcony enclosure; that defendants have refused to remove said enclosure and continue to utilize the enclosed balcony space as an interior storage and work area; and that the Association has no remedy at law.
Based on arguments of counsel and documents submitted (the condominium declaration and bylaws), the court thereupon issued findings of fact and conclusions of law to the effect that the Association's cause of action was barred by the applicable one-year statute of limitations, either C.R.S. 1963, 118-8-4, or § 38-41-119, C.R. S. 1973.
The main thrust of the Association's argument on appeal is that its claim for injunctive *896 relief proceeded from two separate sources, the condominium declaration and the bylaws. It therefore contends that if its action to enforce the provisions of the condominium declaration was in fact barred by the one-year statute of limitations, it should still have been permitted to pursue its claim for injunctive relief to enforce the provisions of the bylaws as a contract entered into between members of the Association, i.e., that the action for violation of the bylaws was not barred. We disagree.
Our conclusion is based on an analysis of the Condominium Ownership Act, § 38-33-101 et seq., C.R.S.1973, (formerly C.R.S. 1963, 118-15-1 et seq.) read in conjunction with § 38-32-101 et seq., C.R.S. 1973, creating estates above the surface (formerly C.R.S. 1963, 118-12-1 et seq.), and the applicable statutes of limitations.
The language of C.R.S. 1963, 118-8-4, amended by Colo.Sess.Laws 1972, ch. 100, 118-8-4 at 616, now § 38-41-119, C.R.S. 1973, provided that:
"No action shall be commenced or maintained to recover possession of real property or to enforce the terms of any restriction concerning real property, or to compel the removal of any building or improvement on land because of the violation of any of the terms of any restriction unless said action be commenced within one year from the date of the violation for which the action is sought to be brought or maintained." (emphasis added)
Section 38-32-101, C.R.S. 1973, provides that estates in areas above the surface of the ground, whether or not contiguous thereto may be validly created in persons or corporations and are to be deemed to be estates in lands. Similarly, § 38-32-102, C.R.S. 1973, provides that such estates pass by descent and distribution and "shall in all other respects [be] dealt with and treated as estates ... in land." Section 38-32-103, C.R.S. 1973, makes applicable to estates above the surface of the ground all burdens and restrictions pertaining to estates in land, while § 38-32-104, C.R.S. 1973, states that all the provisions of articles 30 through 44 of Title 38 and any other law of the state are applicable to estates created above the surface of the ground and to instruments creating or otherwise affecting such estates in every case where they would be applicable to estates in land or to instruments creating or affecting estates in land.
Consistent with the above, § 38-33-102, C.R.S. 1973, of the Condominium Ownership Act states that condominium ownership of real property is recognized in this state, and that condominium ownership creates a separate estate in an individual air space unit of a multi-unit property together with an undivided interest in common elements.
Clearly then, the intent of the legislature in providing for the establishment of estates in air space was to subject all such estates to those legal provisions historically and by statute applicable to the traditional estate in real property. See 15 Am.Jur.2d Condominiums § 6. See also Note, The Creation of Estates in Airspace, 25 Rocky Mt.L.Rev. 354 (1953). Thus, the one-year statute of limitations embodied in § 38-41-119, C.R.S. 1973, applies to actions which accrued respecting estates in air space after 1972, the year in which that statute was amended. Since defendants enclosed the balcony appurtenant to their condominium unit on or about September 30, 1970, C.R.S. 1963, 118-8-4, is applicable to the instant case. See Valenzuela v. Mercy Hospital, 34 Colo.App. 5, 521 P.2d 1287.
The conclusion reached by the trial court is consistent with the body of case law relating to statutes of limitations. It is the nature of the right sued upon and not the form of action or the relief demanded, which determines the applicability of a particular statute of limitations. Davies v. Krasna, 14 Cal.3d 502, 121 Cal.Rptr. 705, 535 P.2d 1161; Atlee Credit Corp. v. Quetulio, 22 Ariz.App. 116, 524 P.2d 511. The Association herein seeks to enforce a *897 restriction on the use of an estate and to compel removal of the improvement erected in violation of the terms of that restriction. Thus, the nature of the right sued upon is the same regardless of whether the form of the action is to enforce a provision of the condominium declaration or to compel compliance with a restriction on the use of real property appearing in a contract (here the bylaws).
Furthermore, where a statute of limitations is specifically drafted to relate to special cases, it, rather than a general statute of limitations, controls. In re Bowman's Estate, 172 Kan. 17, 238 P.2d 486. In this case there exists a special statute of limitations relating to actions to enforce restrictions concerning real property, and consequently that statute of limitations controls the instant action to the exclusion of the general statute of limitations relating to actions on a contract.
We have examined the Association's other assertion of error and find it to be without merit.
Judgment affirmed.
VanCISE and KELLY, JJ., concur.