**Stephen SCHAFER, Plaintiff-Appellant,**

v.

**ASPEN SKIING CORPORATION, et al., Defendants-Appellees.**

No. 83–2578.

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1984.

Robert C. Floyd, Denver, Colo., for plaintiff-appellant.

David G. Palmer and Elizabeth A. Phelan of Holland & Hart, Denver, Colo., for defendants-appellees.

Before McWILLIAMS, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a), Tenth Cir., R. 10(e). The cause is therefore submitted without oral argument.

In this diversity action plaintiff-appellant sued to recover damages sustained in a skiing accident of February 28, 1980, on premises of defendants. The action was filed March 1, 1983. Pursuant to a motion to dismiss or for a summary judgment, filed by the defendants, the trial court dismissed the action as barred by the applicable Colorado statute of limitations. The plaintiff appeals. We affirm.

The Colorado Ski Safety Act of 1979 provides, C.R.S.Cum.Supp. 33-44-111:

"All actions against any ski area operator or its employees brought to recover damages for injury to person or property caused by the maintenance, supervision, or operation of a passenger tramway or a ski area shall be brought within three years after the claim for relief arises and not thereafter."

The legislative intent in the passage of the Act was declared, C.R.S. 33-44-102:

"... to further define the legal responsibilities of ski operators and their agents and employees; to define the responsibilities of skiers using such ski areas; and to define the rights and liabilities existing between the skier and the ski area operator and between skiers."

Plaintiff says that his first claim for relief is based on common law negligence and is subject only to the six-year limitation for negligence claims. See C.R.S. 13-80-110.

In *Association of Owners, Satellite Apartment, Inc. v. Otte*, 38 Colo.App. 12, 550 P.2d 894, an association of condominium owners sought an injunction requiring individual condominium owners to remove an enclosure built on a balcony contiguous to their residence. The trial court held the action to be barred by the one year statute of limitation for actions to enforce restrictions relating to real property. On appeal the Association urged that, because the action was based on the condominium agreement between it and its members, it was one on contract and the provisions of the one-year statute should not apply. The court of appeals rejected the argument. It held, supra, 550 P.2d at 896–897, that:

"It is the nature of the right sued upon and not the form of action or the relief demanded which determines the applicability of a particular statute of limitations.

. . . .

[W]here a statute of limitations is specifically drafted to relate to special cases, it, rather than a general statute of limitations, controls."

■ The complaint asserts a right to recover damages for an injury to the plaintiff in a ski area. Regardless of whether the form of action is characterized as negligence, premises liability, or a breach of duty imposed by the Act, the nature of the right used on is the same. It is plainly within the language of § 33–44–111. That statute is drafted specifically to cover claims such as plaintiff's. Accordingly, it governs rather than the general statute.

Plaintiff says that if § 33–44–111 is given such an effect, the result will be the abolition of common law claims against ski operators. Section 33–44–111 does no more than limit the time period in which such claims must be brought. It does not alter or extinguish their substantive viability. The specific rather than the general statute applies.

■ Section 33–44–111 provides that suit "shall be brought within three years after the claim for relief arises and not thereaft-

er." The accident occurred on February 28, 1980 and suit was brought March 1, 1983. Plaintiff argues that the first day should be excluded and, hence, the action was begun in time. Section 2–4–108, C.R.S., provides

"(1) In computing a period of days, the first day is excluded and the last day is included.

. . . .

(3) If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun, unless there are not that many days in the concluding month, in which case the period ends on the last day of that month."

These statutory provisions have no application to the case at bar. Subsection (1) applies in computing a period of days. Subsection (3) applies in computing a number of months. Section 33–44–111 provides:

"All actions ... shall be brought within three years after the claim for relief arises and not thereafter."

Thus, it provides for a period of years, not of days or months.

■ In Colorado a cause of action for negligence or breach of duty "accrues immediately upon the happening of the wrongful act ... and the statute [of limitations], therefore, begins to run upon the occurrence of the act or the breach complained of ...." *Middelkamp v. Bessemer Irrigating Ditch Co.*, 46 Colo. 102, 103 P. 280, 282. See also C.R.S.Cum.Supp. § 13–80–116 which provides that a claim of injury accrues "on the date the injury is known or should have been known by the exercise of reasonable diligence." Here the injury occurred on February 28, 1980, and the action was brought on March 1, 1983, more than three years after the claim for relief arose.

C.R.S. § 2–4–107 defines the word "year" as meaning a calendar year. Plain-

tiff says that the phrase "calendar year" is customarily used to distinguish the block of time encompassed between January 1 and December 31. He argues that the calendar year commenced to run on January 1, 1981, and terminated December 31, 1983. In support of his position he cites *People v. Milan*, Colo., 5 P.2d 249, a case involving the qualification of voters. A 1917 amendment required that one otherwise qualified must have paid taxes during the calendar year next preceding the election, supra, p. 253. The court that the phrase meant the calendar year beginning January 1 and ending December 31. The decision has no bearing here. The amending statute in that case expressly used the phrase "calendar year."

This is an absurd result which would start the limitation period on January 1, 1981. The claim for relief arose, and the limitation period was triggered, on the date of injury. Section 33–44–111 clearly states that all actions to recover damages for personal injury must be commenced within three years "after the claim for relief arises." It does not say three calendar years following the commencement of the first calendar year after the claim for relief arises.

Plaintiff argues that § 33–44–111 violates (1) the equal protection guarantees of the Fourteenth Amendment of the United States Constitution; (2) the prohibition against special legislation contained in Art. V, § 25, of the Colorado Constitution; (3) the prohibition against the grant of special privileges or immunities of the Colorado Constitution Art. II, § 11, and (4) Art. II, § 6 of the Colorado Constitution, in that it denies plaintiff's right to access to the courts. The answer to all of these claims is essentially the same. It turns on the determination of whether the classifications resulting from the operation of § 33–44–111 are reasonably related to a legitimate state objective.

■ We look only to whether there is a rational relationship between the classification and some legitimate governmental purpose in determining whether the statute violates the equal protection clause. *Schweiker v. Wilson*, 450 U.S. 221, 230, 101 S.Ct. 1074, 1080, 67 L.Ed.2d 186. *Schweiker*, supra, at 234, 101 S.Ct. at 1083 says, citing *Massachusetts Bd. of Retirement v. Murgia*, 427 U.S. 307, 314, 96 S.Ct. 2562, 2567, 49 L.Ed.2d 520:

> "This inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classifications is neither possible nor necessary."

See also *New Orleans v. Dukes*, 427 U.S. 297, 303–304, 96 S.Ct. 2513, 2516–2517, 49 L.Ed.2d 511.

Plaintiff cites *McClanahan v. American Gilsonite Company*, D.Colo., 494 F.Supp. 1334, in which Judge Carrigan struck down C.R.S. § 13–80–127, a statute of limitations relating to architects and engineers. In an order certifying to the Colorado Attorney General that this case involved the question of the constitutionality of § 33–44–111, and requesting a brief in support of the statute, Judge Carrigan directed a discussion of *McClanahan v. American Gilsonite*. R. 40. In this case Judge Carrigan in his order of dismissal, R. 56, said:

> "It appears obvious that the plaintiff's claims are barred by the applicable statute of limitation. I am not persuaded by the plaintiff's arguments asserting that the statute is unconstitutional."

In *Cudahy Co. v. Ragnar Benson, Inc.*, D.Colo., 514 F.Supp. 1212, the court upheld the constitutionality of § 13–80–127, saying, supra, p. 1217:

> "... the Court cannot say that the legislative judgment to grant one group immunity from suit after a reasonable period of time while denying it to the other is either invidiously discriminatory or wholly arbitrary."

In *Yarbro v. Hilton Hotels Corp.*, Colo., 655 P.2d 822, the Colorado Supreme Court upheld the constitutionality of § 13–80–127. In so doing it upheld the statute against claims that it violated the provisions of the

Colorado Constitution against special legislation, Art. V, § 25, and Art. II, § 6, access to the courts. The court said, supra at 827:

"Since no fundamental right or suspect class, such as race, sex, or national origin, is involved here, our scrutiny of the statute need go no further than determining whether the statutory classification is reasonably related to a legitimate state objective."

The court held the classification to be reasonable.

 The ski industry makes a substantial contribution, directly or indirectly, to the Colorado economy. The state has a legitimate interest in its well-being and economic viability. See the declaration of legislative intent, § 33–44–102. In *McCarty v. Goldstein*, 151 Colo. 154, 376 P.2d 691, 693, the Colorado Supreme Court said:

"The classification of occupations and professions for limitation or regulation is a matter for legislative determination, and when based upon reasonable grounds will not be interfered with by the judiciary."

Section 33–44–111 is based on reasonable grounds.

Affirmed.