**Ronald J. HAAN, Plaintiff-Appellant,**

v.

**MOUNTAIN QUEEN CONDOMINIUM ASSOCIATION, INC., d/b/a The Mountain Queen, a Colorado non-profit corporation; and Molly Nowlin, individually and as manager of The Mountain Queen; and Marcelle B. Payton, Defendants-Appellees.**

**No. 84CA1006.**

Colorado Court of Appeals,
Div. III.

Oct. 3, 1985.

Rehearing Denied Oct. 31, 1985.

Certiorari Granted (Mountain Queen)
March 31, 1986.

Oates, Hughes & Knezevich, P.C., Deborah Quinn, Aspen, for plaintiff-appellant.

Klein, Seigle, Delman & Krabacher, P.C., James H. Delman, Aspen, for defendants-appellees.

TURSI, Judge.

In this action arising from the cancellation of a reserved four-day condominium rental, the sole issue preserved for appeal is whether the relationship between plaintiff, Ronald J. Haan, and defendants, Marcelle B. Payton, Mountain Queen Condominium Association (association) and Molly Nowlin, was such as to make applicable the provisions of the Security Deposit Act (Act), §§ 38–12–101, et seq., C.R.S. (1982 Repl.Vol. 16A). We conclude that the Act was applicable and therefore reverse that part of the judgment denying consideration under the Act and remand the matter for further proceedings.

On February 2, 1981, plaintiff made a reservation through the Mountain Queen Condominium Association for rental of a fully furnished three bedroom condominium including bath and kitchen for the period of March 1 through March 4, 1981. The condominium belonged to Payton, and Nowlin was an employee of the association. In order to reserve the accommodations for the entire period, plaintiff was required to deposit the full amount of rental with the association. Plaintiff was not given written or oral confirmation of his reservation or notice regarding a cancellation policy.

On February 27, 1981, plaintiff's skiing partner was injured, and he no longer had need for the condominium. Plaintiff immediately requested a refund of the deposit. Defendants refused his request, informing him orally that 30-day prior notice of cancellation was required. Defendants did not furnish plaintiff with a written statement in response to this demand as provided in § 38–12–103(1), C.R.S. (1984 Repl.Vol. 16A).

Plaintiff commenced this action after notifying defendants of his intent to file suit and to seek treble the amount of his deposit which had been withheld, plus attorney fees. Plaintiff's claim for treble damages and attorney fees under the Act was de-

nied, but judgment was entered in his favor in the amount of the deposit actually paid. The trial court concluded that the General Assembly did not intend to bring "commercial lodging facilities such as the Mountain Queen Condominium Association" under the application of the Act.

Section 38–12–102(2), C.R.S. (1982 Repl. Vol. 16A) provides that the term "security deposit":

"means any advance or deposit of money, regardless of its denomination, the primary function of which is to secure the performance of a rental agreement for residential premises or any part thereof."

It is undisputed that the advance deposit made by plaintiff was to secure his performance of the rental agreement concerning Payton's condominium. Further, it is undisputed that the unit was a residential rather than an office unit. Therefore, if the deposit were to secure performance of a rental agreement for "residential premises," it became a security deposit by definition in the Act.

Defendants argue, however, that since the condominium unit was available for short-term rentals, it may not be considered residential premises. We disagree.

In determining whether the condominium unit is a "residential premise," we find guidance in the Condominium Ownership Act, § 38–33–101, et seq., C.R.S. (1982 Repl.Vol. 16A). Ownership of a condominium is deemed to consist of a separate estate in an individual air space unit of a multi-unit property, together with an undivided interest in common elements. Section 38–33–102, C.R.S. (1982 Repl.Vol. 16A). Also, the effect of the Condominium Ownership Act was to subject all such estates to those legal provisions historically and by statute applicable to traditional estates in real property. *Association of Owners v. Otte*, 38 Colo.App. 12, 550 P.2d 894 (1976).

Relying upon *Houle v. Adams State College*, 190 Colo. 406, 547 P.2d 926 (1976), defendants would have us treat a fully self-contained condominium unit constructed to meet the living needs of one or more persons as a dormitory room. This we choose not to do. A condominium unit that contains complete sleeping and eating facilities is no less "residential premises" than is a single unit dwelling. *See Association of Owners v. Otte, supra.* The fact that during certain periods the unit may be available for short-term rental does not change this status.

Accordingly, the judgment of the trial court denying recovery under the Act is reversed and the cause is remanded for determination of whether plaintiff is entitled to triple damages and attorney fees pursuant to the Act and entry of appropriate judgment based upon the record and consistent with this opinion.

BERMAN and METZGER, JJ., concur.