**Fred SANDERS, Plaintiff-Appellant,**

v.

**Jim PARKS, Raymond Russell, James Sullivan, Ray Taylor, Clifford Worden, the Board of Election Commissioners of the County of Haywood, State of Tennessee, and John Bond, Christy Smith, Bill Rawls, Larry Hill and Steven Smith, Constituting the Members of said Board, Defendants-Appellees.**

Supreme Court of Tennessee, at Jackson.

Oct. 27, 1986.

Lyle Reid, Brownsville, for defendants-appellees.

Richard B. Fields, Memphis, and Robert McDuff, Lawyers Committee for Civil Rights Under Law, Washington, D.C., for plaintiff-appellant.

## OPINION

PER CURIAM.

We granted Plaintiff an expedited appeal in this election contest involving the office of Sheriff of Haywood County. We are asked to determine whether Plaintiff filed suit within the statutory period for election contests.

Plaintiff-Appellant, Fred Sanders, an unsuccessful candidate for Sheriff, filed a complaint in the Chancery Court of Haywood County on August 18, 1986, for the purpose of contesting the election of Raymond Russell as Sheriff of Haywood County. The complaint alleges certain election irregularities and technical violations that occurred on the day of the general election, August 7, 1986.

Defendant-Appellee, Haywood County Election Commission, filed a motion to dismiss on two grounds: (1) that the complaint was not filed within the time allowed by law and any claim by Plaintiff to contest the election is barred by the statutes of limitation; and (2) the complaint fails to state a claim upon which relief can be granted. The Chancellor found "that the suit is barred by the statutes of limitation appearing in the election code, T.C.A. § 2-1-101, et seq." and dismissed the suit. Plaintiff appealed.

The election was held on Thursday, August 7, 1986. The complaint was filed on Monday, August 18, 1986. The applicable statutes are as follows:

T.C.A. § 2-17-105. *Time for filing complaint.*—The complaint contesting an election under § 2-17-101 shall be filed within ten (10) days after the election.

T.C.A. § 2-1-115. *Computation of time.*—Notwithstanding the provisions of § 1-3-102 or any other law, for the purpose of computing time within which any act required by this title is to be done, the same shall be computed by excluding the first day and including the last, unless the last day is a Sunday or legal holiday in which cases such act will be due on the first previous day which is not a Sunday or legal holiday.

The issue before us involves the interpretation of the above two statutes. Plaintiff avers that August 8, the day after the election, was the "first day" to be excluded under T.C.A. § 2-1-115. Plaintiff contends that the first day a complaint contesting the election of August 7 could be filed was on Friday, August 8, because the election results were not available until late in the evening on August 7 and no complaint could have been filed until the following day. Therefore, Friday, August 8 is to be excluded pursuant to the plain language of the statute and the tenth day to file the complaint was Monday, August 18, the day the complaint was, in fact, filed. Plaintiff contends the Chancellor erred in granting Defendant's motion to dismiss and that this cause should be remanded for a hearing on its merits.

Defendants contend that the "first day" to be excluded from the running of the statute of limitation was August 7, the day of the election. Defendants argue that the plain language of T.C.A. § 2-17-105 provides that a suit "shall be filed within ten (10) days after the election" indicating that the "first day" is the day of the election. Defendants argue that this statute should be interpreted no differently than other statutes of limitation which run from the day of the occurrence giving rise to the cause of action. Under Defendants' computation, Sunday, August 17, was the tenth day following the election and Saturday, August 16, was the last day on which the right to contest the election could be asserted because T.C.A. § 2-1-115 provides that if the last day is a Sunday the complaint "will be due on the first previous day which is not a Sunday." We agree with the Defendants' reasoning and that of the Chancellor and, therefore, affirm. Under the facts of this case, the "first day," the day to be excluded under T.C.A. § 2-1-115, is election day, August 7, the day on which the election irregularities and technical violations alleged in the complaint occurred. The tenth day fell on a Sunday and the complaint, therefore, should have been filed on the "first previous day," Saturday, August 16. Plaintiff's right to contest the election of August 7, 1986, is, therefore, barred. The costs of this cause shall be taxed to Plaintiff.