**Bobbie CADE, Plaintiff–Appellant,**

v.

**Edward REGENSBERGER,
Defendant–Appellee.**

**No. 89CA1086.**

Colorado Court of Appeals,
Div. VI.

July 19, 1990.
Rehearing Denied Aug. 23, 1990.
Certiorari Denied Jan. 28, 1991.

Arckey & Knight, P.C., Donald R. Knight, Littleton, for plaintiff-appellant.

Renner & Rodman, John R. Rodman, Denver, for defendant-appellee.

Opinion by Judge ENOCH *.

Plaintiff, Bobbie Cade, appeals from the dismissal of her negligence action against defendant, Edward Regensberger. We reverse and remand.

The complaint alleged that, on November 4, 1986, plaintiff slipped and fell as she was descending a flight of stairs in an apartment building owned by defendant. She asserts that she experienced pain in her elbow and back on the date of the accident and was taken to the emergency room for X-rays on that day. The complaint was filed on November 4, 1988.

Defendant's answer raised the affirmative defense that plaintiff had failed to comply with the two-year statute of limitations for tort actions, § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). Defendant also filed a motion to dismiss the complaint, asserting that plaintiff had failed to commence her action within the two-year period. The trial court granted the motion, concluding that the anniversary date of the occurrence was not within the statutory period.

## I.

Plaintiff contends that the trial court erred in determining that the time for bringing the action started to run on the date of the accident rather than on the following day. She argues that, according to C.R.C.P. 6(a), the proper method for computing a period of years excludes the day of the event from which the period begins to run and includes the last day of the period. We agree.

The applicable statute of limitations provides that negligence actions must be commenced "within two years after the cause of action accrues, and not thereafter." Section 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). A personal injury claim based on alleged negligence accrues on the date both the injury and its cause are known or should have been known by the exercise of reasonable diligence. Section 13–80–108(1), C.R.S. (1987 Repl.Vol. 6A).

In computing any period of time prescribed or allowed by statute, the day of the act or event from which the designated period of time begins to run is not to be included, but the last day of the period is to be included. C.R.C.P. 6(a). This computation method is supported by the overwhelming weight of authority. *See* 51 Am. Jur. 2d *Limitation of Actions* §§ 58–59 at 636–638 (1970) and Annot., 20 A.L.R.2d 1249 (1951). *See, e.g., Evans v. Hawker–Siddeley Aviation Ltd.,* 482 F.Supp. 547 (S.D.N.Y.1979). Furthermore, the general rule is that the law disregards fractions of a day in the computation of time. *Annot.,* 20 A.L.R.2d 1249 (1951).

Here, the trial court determined that plaintiff's cause of action accrued on November 4, 1986. Accordingly, the date of the accident should have been excluded from the computation of the two-year period. *See* C.R.C.P. 6(a). Plaintiff filed her complaint on November 4, 1988, the last permissible day for filing under § 13–80–102(1)(a), C.R.S. (1987 Repl.Vol. 6A). Consequently, the trial court erred in concluding that the complaint was not timely filed.

In light of our resolution of this issue, we need not address plaintiff's remaining contention.

The judgment of dismissal is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

JONES and NEY, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).