Andrei **NAGY** and Maria **Nagy,**
**Plaintiffs–Appellants and**
**Cross–Appellees,**

v.

Klaus P. **LANDAU** a/k/a Pete **Landau,**
**Defendant–Appellee and**
**Cross–Appellant.**

No. 89CA1430.

Colorado Court of Appeals,
Div. II.

Dec. 20, 1990.
Rehearing Denied Feb. 21, 1991.

Donald S. Molen, Denver, for plaintiffs-appellants and cross-appellees.

Bendelow & Darling, Edward M. Bendelow, Lee Darling, Denver, for defendant-appellee and cross-appellant.

Opinion by Judge ROTHENBERG.

Plaintiffs, Andrei and Maria Nagy, appeal from the summary judgment entered in favor of defendant, Klaus P. Landau, and from an order awarding defendant attorney fees. Defendant cross-appeals from an order denying attorney fees against plaintiffs' counsel. We affirm in part and reverse in part.

In their first claim, plaintiffs alleged that on October 25, 1979, defendant executed and delivered to plaintiffs a promissory note for $10,420 plus interest, payable ninety days later, and that defendant refused to pay the amount when due.

The second claim alleged that the parties entered into a written agreement in which defendant was to employ plaintiffs in defendant's restaurant beginning October 25, 1979, and to pay them each a fixed salary plus 50% of the restaurant's net profits exceeding $12,000 per year. Plaintiffs alleged that defendant breached the agreement "a few months after it commenced" by removing all furniture, appliances, and inventory from the restaurant building.

Defendant filed a motion for summary judgment asserting that both claims were barred by the statute of limitations. The trial court agreed. It found that the note matured January 22, 1980, and that the action was filed January 23, 1986; thus, the court concluded the action was barred by the six-year statute of limitations. The court also found that the breach of contract occurred on December 5, 1979, and that claim was barred by the statute of limitations. Accordingly, the court granted summary judgment and dismissed the complaint.

## I.

Plaintiffs argue on appeal that the court miscalculated the time limit within which they could bring their action on the promissory note. We agree.

At the time the default on the note occurred, the applicable statute of limitations was former § 13–80–110(1)(a), C.R.S. (1973) (now codified at § 13–80–103.5(1)(a), C.R.S. (1978 Repl.Vol. 6A)) which required all actions of debt founded upon any contract or liability in action to be commenced within six years after the cause of action accrued.

A cause of action against the maker of a promissory note accrues, in the case of a time instrument, on the day after maturity. Section 4–3–122(1)(a), C.R.S. (1973). In *Cade v. Regensberger*, 804 P.2d 238 (Colo. App.1990) *cert. pending* October 2, 1990 (which had not been announced at the time of the trial court's decision), we held that C.R.C.P. 6(a) applies when computing any statutory time period; thus, the day of the

act, event, or default from which the designated time period begins to run is excluded.

Here, the promissory note was dated October 25, 1979, and was due and payable "ninety days after" that date. The first day *after* the issue date was October 26, 1979, and the ninetieth day was January 23, 1980. Accordingly, the note matured on January 23, 1980, and plaintiffs' cause of action accrued on January 24, 1980. Section 4–3–122(1)(a), C.R.S. The complaint was timely filed on January 23, 1986, within six years thereafter, and the court erred in dismissing plaintiffs' first claim.

## II.

■ Plaintiffs also contend that the court erred in entering summary judgment on their second claim because disputed issues of fact exist concerning the date when defendant breached the employment agreement. We disagree.

The trial court did not refer to a particular statute of limitations in granting summary judgment. However, whether the three-year or six-year statute of limitations applies is irrelevant since plaintiffs' breach of contract claim is barred by both statutes.

A claim for relief arising from one party's nonperformance of a contract obligation arises at the time the other party fails to perform the act required by the contract. *Goeddel v. Aircraft Finance, Inc.*, 152 Colo. 419, 382 P.2d 812 (1963). Here, the complaint initially alleged that defendant breached the October 1979, agreement "a few months after it commenced," but in their request for admissions, plaintiffs asked defendant to admit that he breached the agreement "on or about December 5, 1979."

Again, in their trial data certificate, plaintiffs stated that they performed their duties until "on or about December 5, 1979 when the defendant took possession of the premises" and when plaintiffs "were forcibly removed from the premises, without just cause...." In his trial data certificate, defendant also admitted that the eviction occurred on December 5, 1979, and we note that plaintiffs have not filed affidavits or other documents suggesting that the breach occurred on any other date. *See* C.R.C.P. 56(c).

Accordingly, since plaintiffs' second cause of action accrued on December 5, 1979, that action filed on January 23, 1986, was barred by operation of the applicable statute of limitations, irrespective of whether the three-year or six-year statute controlled.

## III.

■ Plaintiffs' final contention is that the court erred in finding their claims frivolous and in awarding defendant his attorney fees. We agree in part. A trial court's determination whether to award attorney fees on the ground that the claim was frivolous will not be disturbed on appeal if the ruling is supported by the evidence. *Haney v. City Court*, 779 P.2d 1312 (Colo.1989). Here, however, the award was based upon the court's finding that the statute of limitations barred both of plaintiffs' claims. Since we have now concluded that part of those findings was erroneous, the award of attorney fees based upon the promissory note claim cannot stand. Since we are unable to ascertain the fees attributable solely to that claim, we reverse as to all attorney fees and remand for a *de novo* redetermination of whether attorney fees should be awarded.

Plaintiffs' request for attorney fees and costs in this appeal is also denied. *See* C.A.R. 38(d).

The judgment is reversed as to plaintiffs' claim based on the promissory note and the award of attorney fees. The judgment is affirmed as to the breach of contract claim. The cause is remanded with directions to reinstate plaintiffs' first claim for relief and redetermine whether attorney fees should be awarded and the amount, if any.

**1230**

SMITH and HODGES *, JJ., concur.