Joel SIMON, Plaintiff–Appellant,

v.

WISCONSIN MARINE INC., a Wisconsin corporation; and Ransome's Inc., a Wisconsin corporation, Defendants–Appellees.

No. 89–1004.

United States Court of Appeals, Tenth Circuit.

Oct. 21, 1991.

Charles F. Brega of Roath & Brega, Denver, Colo., for plaintiff-appellant.

Stephen E. Kapnik of Lohf, Shaiman & Ross, Denver, Colo. (John C. Steele of Lohf, Shaiman & Ross, Denver, Colo. with him on the brief), for defendants-appellees.

Before HOLLOWAY and McWILLIAMS, Circuit Judges, and BRATTON *, Senior District Judge.

HOLLOWAY, Circuit Judge.

This appeal arises from the dismissal, on limitations grounds, of a personal injury action brought by plaintiff-appellant Joel Simon ("Simon") against defendant-appellee Ransome's Inc. ("Ransome's").

Simon was injured while using a lawn mower manufactured by Ransome's. The injury occurred on September 16, 1986. Simon's complaint, alleging negligence and breach of duty in design, was stamped as received in the Boulder County, Colorado District Court clerk's office on September 16, 1988, although there is disagreement about the true date of filing. Ransome's then removed the case to the federal district court for the District of Colorado. Following removal, Ransome's filed a motion to dismiss based on Fed.R.Civ.P. 12(b)(6), claiming that Simon's complaint had been filed after the Colorado statutory two-year period had expired. The district court granted defendant's motion in an unpublished memorandum opinion and order.

Plaintiff Simon timely filed a notice of appeal. On appeal he argues that the district court erred (1) in not recognizing September 15, 1988 as the actual filing date; and (2) in treating the two year statute of limitations as barring all actions not filed by the day before the two year anniversary of the injury.

We review *de novo* the district court's determination of state law. *Salve Regina College v. Russell,* —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190

* The Honorable Howard C. Bratton of the District of New Mexico, sitting by designation.

(1991). We conclude that Colorado's limitation of product liability actions to two years after the occurrence of the injury includes the anniversary of the date of the injury. It is therefore unnecessary to determine whether the complaint was actually filed on September 15 or 16. Either date was timely. Accordingly we reverse.

In Colorado a personal injury claim brought against the manufacturer of a product "shall be brought within two years after the claim for relief arises and not thereafter." Colo.Rev.Stat. § 13–80–106(1) (1987). This appeal presents the question whether the second anniversary of the injury is within the two year filing period. Logic, Colorado precedent, and the weight of other authority all support the conclusion that an anniversary filing is acceptable.

The ancient rule was that in computing a period of time from the occurrence of a given event, the day the event occurred was included. *See e.g., Meridian Life Insurance v. Milam*, 172 Ky. 75, 188 S.W. 879 (1916). The great weight of modern authority, however, excludes the day the event happens and includes the last day of the specified period. *See Dysart v. Marriot Corp.*, 103 F.R.D. 15 (E.D.Pa.1984), *Sanders v. Parks*, 718 S.W.2d 676 (Tenn. 1986), *Nolan v. Kolar*, 629 S.W.2d 661 (Mo. App.1982), *Braggs v. Jim Skinner Ford, Inc.*, 396 So.2d 1055 (Ala.1981), *Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc.*, 600 F.2d 465 (5th Cir.1979). Indeed the Colorado General Assembly has mandated this approach for reckoning most statutory periods. Colo.Rev.Stat. § 2–4–108 (1987). The Colorado code specifies this procedure for periods denominated in days or months but is silent on whether the same method is to be used for periods of years. We noted this fact in dictum in *Schafer v. Aspen Skiing Corp.*, 742 F.2d 580 (10th Cir.1984). This opinion has caused considerable confusion in the district court. We wish to clarify the point here.

The rules of statutory construction normally hold that, in the absence of indications to the contrary, when a statute expressly applies a legal rule to one category, it implicitly excludes its application to all others. *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 188, 98 S.Ct. 2279, 2298, 57 L.Ed.2d 117 (1978). In this case, however, there are ample indications that Colorado did not, in fact, intend to establish a separate rule for calculating years. First, no reason has been suggested to explain why Colorado might wish as a matter of public policy to accord special treatment to those periods denominated in years. Indeed there seems no logical purpose at all to having a statutory period of a month equal a full month, but a period of a year actually equal a year minus one day. Second, the fact that the general rule in the overwhelming majority of other jurisdictions is to allow anniversary filings argues strongly for the rule's adoption in Colorado where statutes provide no guidance on the issue. Third and most significant, there is the ample Colorado case law which supports the inclusion of the anniversary in computing a period of years.

Although the Colorado Supreme Court has never been called on to rely on the validity of an anniversary filing date, it has explicitly treated anniversary filings as valid:

> The cause of action accrued on March 28, 1980, the date the libel occurred ... However, the one year statute of limitations did not expire until March 30, 1981, because March 28, 1981 was a Saturday.

*Dillingham v. Greeley Publishing Co.*, 701 P.2d 27, 28 n. 1 (Colo.1985) (citations omitted). The fact that the anniversary fell on a Saturday could only matter if that date would ordinarily have been a date on which filing could occur. Thus Colorado's highest court has clearly recognized that anniversary filings are valid.

Moreover, the Colorado Court of Appeals in a personal injury case involving a filing on the second anniversary of the accident recently held that:

> [i]n computing any period of time prescribed or allowed by statute, the day of an act or event from which the designated period of time begins to run is not to be included, but the last day of the peri-

od is to be included. C.R.C.P. 6(a). Accordingly the date of the accident should have been excluded from the computation of the two-year period. *See* C.R.C.P. 6(a).

*Cade v. Regensberger,* 804 P.2d 238, 239 (Colo.Ct.App.1990), *cert. denied,* 1/28/91; *see also Nagy v. Landau,* 807 P.2d 1227, 1228 (Colo.Ct.App.1990). We must accept the intermediate court's holding, which the district judge did not have, as an authoritative expression of the State's law. *Fidelity Union Trust Co. v. Field,* 311 U.S. 169, 177–78, 61 S.Ct. 176, 178, 85 L.Ed. 109 (1940).

The district court believed it had found contrary authority in our opinion in *Schafer v. Aspen Skiing Corp.* There we were presented with the question whether a Colorado personal injury action which was governed by a three year statute of limitations could be filed on the day after the third anniversary of the injury. We held that since the cause of action arises on the happening of the wrongful act, an action brought one day after the three year anniversary of the injury is time barred. 742 F.2d at 582. In our discussion we noted the explicit statutory provisions for reckoning periods of months and the absence of such provisions for reckoning periods of years. In doing so we reasoned that a period of years would be governed by the old rule and thus include the date of the injury and not include the final day of the period. The district court based its holding on this reasoning. However, since Schafer's filing took place on the day *after* the anniversary, the question of whether an anniversary filing is valid was not actually decided in *Schafer.* Indeed either of the competing theories proposed by the parties here would have produced the same result in *Schafer.*

In any event, the subsequent Colorado decision in *Cade v. Regensberger* should be followed by us now as we are obliged to apply the state law as it is at the time of this decision. *See Huddleston v. Dwyer,* 322 U.S. 232, 236, 64 S.Ct. 1015, 1017–18, 88 L.Ed. 1246 (1944). Under the *Cade* rationale, the statutory period for bringing this action excluded the first day and included the final day of the period. Accordingly the dismissal of the action must be reversed and the case remanded for proceedings consistent with this opinion.

REVERSED and REMANDED.