**RALSTON PURINA–KEYSTONE,**
Petitioner,

v.

**John LOWRY and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 90CA2106.

Colorado Court of Appeals,
Div. C.

Oct. 24, 1991.

Long & Jaudon, P.C., Frederick W. Long, Denver, for petitioner.

Thomas C. Thrush, P.C., Thomas C. Thrush, Denver, for respondent John Lowry.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Jeanne Labuda, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Opinion by Judge RULAND.

Ralston Purina–Keystone, a self-insured employer, seeks review of a final order of the Industrial Claim Appeals Panel which awarded total temporary disability benefits to the claimant, John Lowry. The Panel also assessed a penalty against Ralston for failure to admit or to deny liability in a timely manner. We set aside the order.

The employer was ordered to pay $146.12 for four days of total temporary disability, and $53,297.27 for failing timely to admit or to deny liability. The primary issue on appeal is the proper method for computing the three-day waiting period under the statutes governing both the disability award and the penalty.

Section 8–42–103(1)(a), C.R.S. (1991 Cum. Supp.), the present codification of the statute governing disability benefits, provides in pertinent part:

> If the period of disability does not last longer than *three days from the day the employee leaves work as a result of the injury,* no disability indemnity shall be recoverable except the disbursement provided in articles 40 to 47 of this title for medical, surgical, nursing, and hospital services, apparatus, and supplies.... (emphasis added)

The penalty statute, now codified as § 8–43–203(1), C.R.S. (1990 Cum.Supp.), provides in pertinent part:

> The employer or, if insured, the employer's insurance carrier shall notify in writing the division and the injured employee ... within twenty-five days after notice or knowledge of an injury to an employee which disables said employee for *more than three shifts or three calendar days* or results in permanent physical impairment or death of said employee, whether liability is admitted or contested.... Where the employer's report of injury shows that the employee is temporarily disabled *for three days or less* and medical attention as provided by section 8–42–101, if required, has been afforded ... then no admission or denial of liability need be filed.... (emphasis added)

The claimant sustained an admitted injury to his back on December 23, 1984, and

was immediately taken from the work site for medical attention. It is also undisputed that the employer's admission of liability was not filed until January 20, 1989.

The claimant's treating physician authorized claimant to return to work on December 27, 1984, four days following the accident. The claimant, however, testified that he did not return to work until December 29, 1984, six days after the accident. He testified and his supervisor confirmed that when claimant was contacted about returning to work, claimant stated that he could not stand. Accordingly, in contravention of the employer's policy, a stool was provided so that claimant could sit down while serving as a cashier.

The claimant's time card showed entries for December 27 and 28, indicating that claimant worked on those days. However, the claimant's former supervisor testified that in order to credit injured or sick workers for compensation, supervisory personnel punched the workers in and out on the time clock, even though the workers were not physically present at the work site. This testimony was controverted by the employer's benefits manager, who testified that employees were not paid for sick leave and that the employer's payroll records indicate that claimant returned to work on December 27.

The findings of the Administrative Law Judge (ALJ) did not resolve the conflict. On the one hand, the ALJ credited the claimant's testimony that he did not return to work until December 29, 1984, as credible. However, the ALJ also found that "claimant was temporarily and totally disabled from December 23 through December 26, inclusive," and awarded total temporary disability benefits based upon this finding.

In assessing the penalty under § 8–43–203, the ALJ stated:

> While there is conflicting evidence to the date the claimant actually returned to his job duties, the provisions of [§ 8–43–203] require imposing a penalty against the respondent under either alternative date. Assuming the claimant returned to work on December 29, 1984, he obviously missed more than three days or shifts of work following his December 23, 1984 injury. Assuming the claimant missed [sic] returned to work on December 27, 1984, as the respondent argues, the penalty is still applicable because the claimant missed more than three calendar days due to the disability he suffered on December 23, 1984.

On review, the Panel interpreted this part of the ALJ's order as addressing the period of claimant's disability. The Panel affirmed the ALJ's order under the first alternative, namely, that claimant was disabled until December 29. The Panel, therefore, did not address the propriety of the second alternative.

The employer contends that it is erroneous to include *both* the date of the accident and the last day of temporary disability in computing the three-day waiting period under either § 8–42–103 or § 8–43–203. We agree.

■ Unless a statute specifies a method of calculating a period of elapsed time, the computation under Colorado statutes is governed by § 2–4–108(1), C.R.S. (1980 Repl.Vol. 1B). That statute provides: "In computing a period of days, the first day is excluded and the last day is included." Because neither the Workers' Compensation Act, nor the specific statutes in question contain an alternative method of computation, we hold that § 2–4–108(1) governs the computation of time periods under both statutes. Therefore, the date of the claimant's injury should have been excluded from the computation of the three-day waiting period under both § 8–42–103 and § 8–43–203.

■ In light of our holding, the ALJ erred in determining that the employer was liable even if claimant returned to work on December 27. Excluding the date of claimant's accident, December 23, and assuming the claimant returned to work on December 27, it is apparent that he was not disabled for *more* than three calendar days, *see* § 8–43–203(1), or for *more* than three days from the day he left work, *see* § 8–42–103(1)(a). Therefore, contrary to

the ALJ's order, neither the award of temporary total disability nor the penalty can be imposed if the claimant was no longer disabled and returned to work on December 27.

Under these circumstances, the ALJ erroneously concluded that a resolution of the factual conflict was not necessary. If this conflict is resolved on the basis that the claimant was no longer disabled and returned to work on December 27, then the Panel's affirmance based upon the December 29 date is in error. Accordingly, the proper disposition is to set the order aside and remand the cause for a resolution of the conflict. *Cf. Hall v. Industrial Claim Appeals Office,* 757 P.2d 1132 (Colo.App. 1988).

The order is set aside, and the cause is remanded to the Panel for further proceedings consistent with the views expressed in this opinion.

PIERCE, J., concurs.

VAN CISE *, J., concurs in part and dissents in part.

Judge VAN CISE concurring in part and dissenting in part.

I concur with the majority's holding that "the date of the claimant's injury should have been excluded from the computation of the three-day waiting period." Also, I agree that the Panel's order should be set aside.

I dissent from the majority's remand of the cause "for a resolution of the conflict" as to whether claimant "returned to work" on December 27 or 29.

The statute governing disability benefits quoted in the majority opinion provides that: "If the *period of disability* does not last longer than three days from the day the employee leaves work as a result of the injury, no disability indemnity shall be recoverable...." (emphasis added) The penalty statute quoted by the majority is applicable only to "an injury to an employee *which disables* said employee for more

than three shifts or three calendar days...." (emphasis added) Neither of these statutes refer to claimant's "return to work" as a factor in determining entitlement to benefits or penalties. And, indeed, many factors besides a disabling injury could cause a claimant to delay resuming work. Therefore, when claimant actually returned to work is irrelevant.

Any conflicts in the evidence regarding the dates during which claimant was disabled were resolved adversely to claimant by the ALJ's finding, on substantial evidence, that "claimant was temporarily and totally disabled from December 23, 1984 through December 26, 1984, *inclusive.*" This finding is the basis for his order and award of disability benefits "for four days between December 23, 1984 and December 26, 1984, *inclusive.*"

Since it was error to include the day of the injury when computing the time claimant was disabled, it was error to award any temporary disability benefits or any penalties.

Not only should the order be set aside, but also the cause should be remanded with directions to dismiss the claim.