N.E., INC., a Colorado corporation, Plaintiff–Appellee,

v.

ILIFF & MONACO ASSOCIATES, L.P.; Kroh Brothers Development Company; Drycreek Cherrywood Associates, L.P.; Ralston Associates, L.P.; and Ozar Investments, Inc., Defendants–Appellants.

No. 93CA0922.

Colorado Court of Appeals, Div. I.

June 16, 1994.

Rehearing Denied July 21, 1994.

Certiorari Denied March 13, 1995.

Fowler, Schimberg & Cowman, P.C., Daniel M. Fowler, Catherine A. Tallerico, Denver, for plaintiff-appellee.

James L. Aab, Denver, for defendants-appellants.

Opinion by Judge RULAND.

In this contract dispute, defendants, Iliff & Monaco Associates, L.P., Kroh Brothers Development Company, Drycreek Cherrywood Associates, L.P., Ralston Associates, L.P., and Ozar Investments, Inc. (sellers), appeal from the summary judgment entered in favor of plaintiff, N.E., Inc. (purchaser). We affirm.

The essential facts are not in dispute. Purchaser and sellers entered into three separate contracts for the sale of three different shopping centers. All of the contracts contain substantially similar provisions.

Pursuant to the contracts, purchaser paid sellers a $10,000 earnest money deposit on each of the shopping centers. However, each contract provided that purchaser had the "unconditional right to terminate [the] ... Agreement" and obtain an immediate refund of its deposit upon written notice to sellers on or before "sixty (60) days ... from the Effective Date" of the contracts. The "Effective Date" was designated as November 1, 1992.

Purchaser notified sellers of its election to terminate the transactions on December 31, 1992, and requested a refund of the earnest money deposits. However, sellers refused, asserting that purchaser failed to terminate within the contractual 60-day period. Purchaser then brought this breach of contract action.

The parties filed cross-motions for summary judgment regarding the appropriate calculation of the 60-day period, and the trial court granted purchaser's motion. The sole issue on appeal is the proper method of computing the 60-day time period. Contrary to sellers' contentions, we find no error in the trial court's ruling.

The interpretation of a written contract is generally a question of law unless the terms of the instrument are ambiguous. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo.1984). Here, neither party contends that the contracts are ambiguous. However, there are no provisions specifying a method of computing the 60-day period at issue here.

Looking then to other provisions of the contracts for guidance, we find an agreement by the parties that "[t]he provisions of this Agreement shall be construed in accordance with the laws of the State of Colorado." Based upon this provision and because no other method is specified, we conclude that the parties intended that the computation of all of the various contractual time periods be done in the same manner as provided under Colorado law for the computation of other types of time periods. *See* § 2–4–108(1), C.R.S. (1980 Repl.Vol. 1B); C.R.C.P. 6(a); *Nagy v. Landau*, 807 P.2d 1227 (Colo.App. 1990) (computing time period for statute of limitations applicable to a promissory note).

Consequently, in computing the contractual 60-day period at issue, we conclude that the day from which this period began to run must be excluded and the last day of the period must be included. *See* § 2–4–108(1) and C.R.C.P. 6(a). Hence, we conclude that, when properly computed, the last day of the contractual 60-day period "from the Effective Date" of November 1, 1992, was December 31, 1992. As a result, purchaser timely exercised its rights to terminate the contracts and obtain a refund of the earnest money deposits.

Contrary to sellers' contention, in our view, the parties' use of the word "from" in the contractual provisions describing the disputed 60-day period has no significance in determining the appropriate method of computation. To the contrary, when used to describe a period of time, the term "from," like the similarly used terms "after" or "following," simply identifies the triggering date or

event from which the designated time period begins to run. *See* C.R.C.P. 6(a) (time periods designated "from" triggering date or event computed by excluding the designated day and including the last day); *Ralston Purina–Keystone v. Lowry,* 821 P.2d 910 (Colo.App.1991).

We have considered and find no merit in sellers' remaining contentions for reversal of the judgment.

The judgment is affirmed.

METZGER and VAN CISE *, JJ., concur.