**INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation, individually and as subrogee of Jeffrey Kenner and Patti Kenner, Plaintiff,**

v.

**ASPEN ALPS CONDOMINIUM ASSOCIATION, INC., a Colorado not for profit corporation, Defendant.**

Civ. A. No. 95–D–2080.

United States District Court,
D. Colorado.

Feb. 22, 1996.

Anthony Melonakis, Gulley & Gaar, P.C., Englewood, CO, for Plaintiff.

Gary L. Palumbo, Bayer, Carey & McGee, P.C., Denver, CO, for Defendant.

### REVISED MEMORANDUM OPINION AND ORDER

DANIEL, District Judge.

## I. *INTRODUCTION*

Defendant Aspen Alps Condominium Association, Inc. ("Defendant" or "Aspen Alps") has moved pursuant to Fed.R.Civ.P. 56 for summary judgment with respect to Plaintiff Insurance Company of North America's complaint claims, which are plead as breach of contract claims. Defendant asserts that Plaintiff's claims are, in actuality, tort claims and are therefore barred by Colorado's two year statute of limitations provisions for tort actions.

Plaintiff is the insurer of two condominiums located in Building 400 of Aspen Alps' South Condominiums located at 700 Ute Avenue in Aspen, Colorado. It is undisputed that the Condominium Declarations and By-laws for the South Condominiums, including Building 400, obligate the Board of Managers of the Association to keep in good order, condition and repair all of the common elements of the condominiums. The parties have stipulated that the Declarations for the Aspen Alps South Condominiums provide, in pertinent part:

> [D]amage to the interior or any part of a unit or units resulting from the maintenance, repair, emergency repair or replacement of any of the general common elements or as a result of emergency repair within another unit at the instance of the Association shall be a common expense of all the owners; provided, however, that if such damage is the result of the negligence of a unit owner, then such unit owner shall be responsible for all such damage.

Article IV of the ByLaws of Aspen Alps states:

> 4. *Other Powers and Duties.* The Board of Managers shall be empowered and shall have the duties as follows:
>
> (c) To keep in good order, condition and repair all of the general and limited common elements and all other items of personal property, if any, used in the enjoyment of the entire premises.

Based on the foregoing provisions, which Plaintiff characterizes as contractual obligations, on October 22, 1992, employees of Aspen Alps were repairing pipes in the boiler room in Building 400 using a soldering torch. During the course of this repair, a fire erupted which destroyed the building, necessitating demolition and rebuilding of the entire

structure. Plaintiff contends that, in addition to the loss of the condominiums, Plaintiff's Insureds sustained losses associated with their right to use and rent the two units as well as losses of personal property which required Plaintiff to pay $136,000.00 to its Insureds.

Plaintiff argues that Defendant's employees' actions in causing the fire constituted a breach of Aspen Alps' implied promise under the contract to perform the repair and maintenance services in a careful, workmanlike and skillful manner. Further, Plaintiff claims that Defendant also breached the express terms of the Declarations which allegedly obligate Defendant to pay for damages as a result of Defendant's breach of contract. As subrogee of its Insureds, Plaintiff contends that it is entitled to recover such damages.

If Colorado's two (2) year statute of limitations, Colo.Rev.Stat. § 13–80–102(1)(a) (1987 & Supp.1995), is applicable to the complaint allegations, then Plaintiff's complaint is time barred. Conversely, if the three (3) year limitations period for contract action controls, *id.* § 13–80–101(1)(a), the complaint was timely filed.

## II. *ANALYSIS*

### A. Legal Standard

In considering a motion for summary judgment, the Court is mindful that "summary judgment is a drastic remedy" and should be awarded with care. *Conaway v. Smith,* 853 F.2d 789, 792 n. 4 (10th Cir.1988). Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether a movant has satisfied the burden imposed by Rule 56, all factual disputes and inferences must be drawn in favor of the nonmoving party. *Otteson v. United States,* 622 F.2d 516 (10th Cir.1980).

### B. Statute of Limitations

The salient facts regarding the circumstances of the fire and the controlling associ-

ation documents are undisputed. The sole issue before the Court is one of law; namely, whether Colorado's two (2) year statute of limitations applicable to tort actions or its three (3) year statute of limitations applicable to contract actions governs Plaintiff's claims. In analyzing this question, I rely on Colorado state law as declared by the Colorado appellate courts.

Defendant contends that, although Plaintiff's claims are styled as a contract action, the gravamen of the Complaint is that Defendant was negligent and damaged the Plaintiff. While Defendant recognizes that service contracts contain implied promises of workmanlike performance which may give rise to both tort and contract claims, Defendant argues that the obligation allegedly breached in this case is simply a duty imposed by common law, which is a tort. In support of its argument, Defendant fails to cite any Colorado authority and instead refers this court to other judicial authority, including *FDIC v. Clark,* 978 F.2d 1541, 1552 (10th Cir.1992) (when a duty to take care arises from a contract, or irrespective of a contract, the action is one of tort); *R.T.C. v. O'Bear, Overholser, Smith & Huffer,* 840 F.Supp. 1270, 1283 (N.D.Ind.1993); and *FDIC v. Greenwood,* 739 F.Supp. 450, 452 (C.D.Ill.1989).

Plaintiff, relying on *Trailside Townhome Ass'n, Inc. v. Acierno,* 880 P.2d 1197 (Colo. 1994), argues that the operative documents creating the condominium association give rise to both tort and contract obligations. Plaintiff also asserts that a party who suffers damages as a result of substandard services under a contract may sue in either tort or contract, based on the holding in *Lembke Plumbing and Heating v. Hayutin,* 148 Colo. 334, 366 P.2d 673 (1961). Finally, Plaintiff argues that, since the Colorado General Assembly presumably was aware of Colorado law allowing a party to proceed either in contract or tort and chose not to apply the tort statute of limitations in such a circumstance, the longer statute of limitations period for contract should control. In short, Plaintiff argues that whatever remedy is sought by the Plaintiff makes applicable the

statute of limitations prescribed for that remedy.

Colo.Rev.Stat. § 13–80–102 (1987 & Supp. 1995) is the statute of limitations that governs tort actions in Colorado. This statute provides, in pertinent part, as follows:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues and not thereafter:

(a) Tort actions, including but not limited to actions for negligence, trespass, malicious abuse of process, malicious prosecution, outrageous conduct, interference with relationships; and tortious breach of contract....

The contract statute of limitations, *id.* § 13–80–101(1)(a), also states that it applies "regardless of the theory upon which suit is brought," and allows three years for commencement of the suit. *Id.*

■ Defendant is correct in noting that it is the nature of the right sued upon in Colorado and not necessarily the particular form of action or the precise character of the relief requested that ordinarily determines the applicability of a particular statute of limitations to the case at issue. *McDowell v. United States,* 870 P.2d 656 (Colo.App.1994); *Ass'n of Owners, Satellite Apartment, Inc. v. Otte,* 38 Colo.App. 12, 550 P.2d 894, 896 (1976); *see also Schafer v. Aspen Skiing Corp.,* 742 F.2d 580, 582 (10th Cir.1984). This principle is espoused in the plain language of the tort and contract statutes of limitations, which provide that each statute applies "regardless of the theory upon which relief is sought." Thus, I must determine whether the nature of the right sued upon is contractual or tortious in this case.

### C. The Nature of the Right Sued Upon

The Complaint, as phrased, alleges that Plaintiff's claim arises out of Defendant's performance of its contractual obligation to maintain and repair the common elements of Building 400. Plaintiff further alleges that this contractual obligation gave rise to an implied promise to perform the services in a careful, workmanlike and skillful manner. It is this implied promise that Plaintiff contends was breached. In addition to this implied promise, Plaintiff alleges that Defendant breached the express terms of the Declarations which allegedly obligate Defendant to pay for damages caused during repairs if such damage was not caused by Plaintiff's Insureds' negligence.

### 1. Express Contract Allegations

■ With respect to Plaintiff's claim for breach of an express provision of the contract, the contract statute of limitations is controlling. This claim seeks recovery based on a duty arising only out of the contract, and is not a right that arises from any common law duties that may give rise to a tort claim. Defendant does not dispute this; instead, Defendant contends that this provision is inapplicable in the case at hand, as it applies only to situations where the managers are compelled to enter an owner's unit to conduct maintenance or repair, as compared to the boiler room which is a common area. I disagree.

Although the key Declarations provision is contained within the section relating to reservation for access into the owner's units, the provision, on its face, states that damage to any "unit or units *resulting from the maintenance, repair, emergency repair or replacement of any of the general common elements* ... shall be a common expense of all the owners...." Thus, the plain language of the contract supports Plaintiff's claim. Therefore, I find that this claim was timely commenced within the three year limitations period for contracts prescribed by Colo.Rev. Stat. § 13–80–101(1)(a) (1987 & Supp.1995). Accordingly, summary judgment is hereby DENIED as to Plaintiff's allegations based on express contract.

### 2. Implied Contract Allegations

■ Next, I must determine the nature of the right sued upon with respect to Plaintiff's claim predicated on breach of an implied promise in the contract to perform the services in a careful, workmanlike and skillful manner. Plaintiff is correct in noting that the operative documents of a condominium association, such as the bylaws and declarations herein, give rise to both tort and contract obligations. *Trailside,* 880 P.2d at

1202–03. In *Trailside*, the Colorado Supreme Court observed:

> We conclude that to the extent that the provisions of the operative documents creating the townhome complex and the association prescribe the duties of the association to the townhome owners and are consistent with public policy, those provisions control. *These operative documents could establish a duty giving rise to tort obligations as well as create contractual obligations.*

*Id.* (citations omitted & emphasis added). The contractual obligation to perform services may give rise to a duty to perform the work subject to the contract with reasonable care and skill, *i.e.*, the implied promise upon which Plaintiff relies. *See Cosmopolitan Homes, Inc. v. Weller*, 663 P.2d 1041 (Colo. 1983). As Plaintiff recognizes, this implied promise arising from the contractual obligation allows the party to proceed either in contract for breach or in tort for negligence. *Lembke*, 366 P.2d at 677; *Trailside, supra.*

■ However, Defendant is incorrect in asserting that this implied promise arises from tort rather than contract. As the Colorado Supreme Court in *Cosmopolitan* recognized, an implied warranty of fitness with respect to services under a contract differs from a negligence claim and should be treated differently. 663 P.2d at 1044. The implied warranty "arises from the contractual relation," and proof of a defect is sufficient to establish a breach of that warranty. *Id.* Negligence, on the other hand, requires that the owner be held to a standard of reasonable care in the conduct of its duties, and proof of defect is not enough to establish the claim. *Id.* The court in *Martinez v. Badis*, 842 P.2d 245 (Colo.1992), affirmed this principle, holding that contract claims are based on the premise that parties may create duties to

each other and are required by the common law to act reasonably to perform those mutually agreed upon obligations. This is not the equivalent of a generally recognized duty of care that forms the essence of negligence claims. *Id.*[1]

■ Accordingly, in the case at hand, the implied promise or warranty of fitness that Plaintiff relies upon is grounded in contract. In other words, the nature of the right sued upon by Plaintiff arises out of a contract obligation, not a tort obligation. This dictates that the three year contract statute of limitations is applicable to such claim rather than the two year tort statute of limitations. Since this action was commenced within three years of the alleged breach of the contract, summary judgment is DENIED as to Plaintiff's implied contract allegations.

### III. CONCLUSION

Based upon the foregoing, IT IS ORDERED that Defendant's Motion for Summary Judgment is hereby DENIED.

---

1. The cases of *FDIC v. Greenwood*, 739 F.Supp. 450, 452 (C.D.Ill.1989) and *R.T.C. v. O'Bear, Overholser, Smith & Huffer*, 840 F.Supp. 1270, 1283 (N.D.Ind.1993), relied upon by Defendant are inapplicable to this case, as they relate to the interpretation of the laws from other states. *FDIC v. Clark*, 978 F.2d 1541, 1552 (10th Cir. 1992), is not controlling in this matter, as it involved an implied warranty in a professional malpractice case. The court therein recognized that Colorado treats such claims as a hybrid of the standard tort claim for malpractice, which sounds in negligence. The Tenth Circuit in *Clark* did not address the Colorado Supreme Court's holdings in *Cosmopolitan* and *Martinez* that specifically stated that implied warranties in service contracts arise from contract, not tort and the holding in *Trailside*. Moreover, the decisions in *Martinez* and *Trailside* were decided after the decision in *Clark* and are thus controlling as to the proper interpretation of Colorado law.