The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ralph William TRUESDALE,
Defendant–Appellant.

No. 87CA1458.

Colorado Court of Appeals,
Div. V.

Dec. 20, 1990.

Rehearing Denied May 2, 1991.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, T. Curtis Bobbitt, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge JONES.

Defendant, Ralph William Truesdale, appeals from a judgment entered on jury verdicts finding him guilty of second de-

gree assault, crime of violence, menacing, and reckless endangerment. We affirm.

On the evening of July 14, 1986, defendant went to the residence of his former wife, Ms. Truesdale, and remained in the backyard. Ms. Truesdale had a visitor, the victim, who was present to have dinner, and to pick up his son whom Ms. Truesdale had brought home from the babysitter. After dinner, the victim left the house to retrieve an object from his truck parked at the rear of the residence. On the way out, he saw defendant in the yard 10 to 15 feet from the house and spoke a greeting to him. On the way back to the house, the victim was approached by defendant who asked the victim's identity. The victim identified himself, whereupon defendant revealed a gun he was carrying and told the victim to leave. When the victim replied that he would leave as soon as he could get his son, defendant said, "I'm gonna blow your fucking brains out," and raised the gun. As he continued to approach the victim he repeated the threat.

When defendant was 5 to 7 feet away from the victim with the gun pointed at his head or upper body, the victim grabbed the gun. The gun discharged just past his head and face, not injuring him. The men struggled for the gun, during which time the webbed portion of the victim's hand was injured from his having pushed it against the cocked hammer of the gun to prevent the gun from firing again.

Within minutes, the police arrived, put an end to the struggle, and arrested defendant.

### I.

Defendant first contends that the court violated his right to equal protection in entering judgments of conviction on the charges of second degree assault and crime of violence based on the assault charge, as well as on the charge of menacing. He bases this contention on his assertion that the offenses of second degree assault and menacing do not contain rationally different elements.

We construe defendant's contention as a facial challenge of the constitutionality of the statutes involved. Thus, we decline to consider this issue because it is outside our statutory authority. Section 13–4–102(1)(b).

### II.

Defendant next contends that the trial court erred in failing to instruct the jury that the offense of felony menacing is a lesser included offense of second degree assault. We disagree.

■ In determining whether an offense is lesser included, the test in Colorado is whether the greater offense establishes every essential element of the lesser offense. *People v. Rivera*, 186 Colo. 24, 525 P.2d 431 (1974); § 18–1–408(5), C.R.S. (1986 Repl.Vol. 8B).

■ Section 18–3–203(1)(b), C.R.S. (1986 Repl.Vol. 8B), as charged here, states that a person commits second degree assault if:

"With intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon."

Menacing is defined in § 18–3–206, C.R.S. (1986 Repl.Vol. 8B) as follows:

"A person commits the crime of menacing if, by any threat or physical action, he knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is ... if committed by the use of a deadly weapon ... a class 5 felony."

Here, the offense of second degree assault does not establish every essential element of felony menacing. The language of the respective statutes involved here reveals that the General Assembly has proscribed markedly different conduct in each. Thus, § 18–3–203(1)(b), as to second degree assault, would punish the intentional act of causing or attempting to cause bodily injury, while § 18–3–206, concerning menacing, proscribes the knowing act of placing someone in fear of serious bodily injury without causing or attempting to cause injury. It follows that the fact that a defendant intentionally caused or attempted to cause bodily injury to an intended victim

does not necessarily compel the conclusion that the defendant also knowingly placed the victim in fear of serious bodily injury.

Thus, under the allegations and evidence appearing in the record here, we conclude that felony menacing is not a lesser included offense of second degree assault. We believe this conclusion is in accord with previous decisions which only obliquely treat this issue. *See Ortiz v. District Court*, 626 P.2d 642 (Colo.1981) (the court implied that felony menacing is not a lesser included offense of second degree assault, in a footnote, and a dissenting justice definitively reached the same conclusion); *Niemand v. District Court*, 684 P.2d 931 (Colo.1984) (court stated that in *Ortiz*, "we held that the jury's verdict of guilty of felony menacing was an implied acquittal of the charge of second degree assault, even if the former offense was not technically a lesser included offense of the latter"); *People v. Apodaca*, 668 P.2d 941 (Colo.App.1982), rev'd in part on other grounds, *Apodaca v. People*, 712 P.2d 467 (Colo.1985) (court did not disturb defendant's conviction of both second degree assault and felony menacing).

Accordingly, the trial court did not err in refusing to give defendant's requested instructions.

### III.

Defendant's third contention is that there is insufficient evidence to support his conviction for second degree assault and that the trial court erred in not granting his motion for judgment of acquittal. He further asserts that, to the extent that he was acquitted of the charge of attempted murder in the first degree but convicted of second degree assault, the verdicts were inconsistent and should not stand. We perceive no error.

When reviewing for sufficiency of the evidence, we must view the evidence in a light most favorable to the prosecution in determining whether the evidence supports a conclusion by a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *Taylor v. People*, 723 P.2d 131 (Colo.1986).

■ Our review of the record leads us to conclude that there was substantial and sufficient evidence to support the conviction for second degree assault.

■ Also, the jury could reasonably find from the evidence that defendant intended to do bodily injury but did not act with the requisite deliberation and intent to kill that would support a conviction of attempted first degree murder. Thus, there are no inconsistencies in the verdicts entered.

### IV.

Defendant next contends that he was denied a fair trial because the prosecutor implied to the jury during his closing argument that the victim had actually suffered bodily injury after advising defense counsel that he would proceed only on the theory of attempt to inflict that injury. Again, we perceive no reversible error.

Prior to trial, defense counsel asked the prosecutor whether he intended to prove assault based upon the defendant's punching the victim. The prosecutor responded in the negative, stating: "We do not intend to prove [assault] by the fact of punching or pulling hair ... but rather that the injuries were caused by the weapon."

Thus, the record reflects that, contrary to defendant's assertion, nothing in the prosecutor's statement suggests that he would not use this evidence of injury to prove assault. Indeed, evidence of injury to the victim's hand caused by the hammer of the gun was presented both at the preliminary hearing and at trial.

■ Even if we were to assume that the prosecution promised not to use evidence of actual injury, we note that defendant failed to object contemporaneously to the introduction of such evidence at trial. Thus, the matter must be assessed under a plain error standard. Under such a plain error standard, defendant must establish that the error so undermined the fundamental fairness of the trial so as to cast doubt on the reliability of the judgment of conviction. *Wilson v. People*, 743 P.2d 415 (Colo.1987).

Based on our review of the record, defendant has not, and could not, make such a showing of prejudice.

## V.

Finally, we disagree with defendant's contention that the trial court improperly refused to allow him to present evidence of a pertinent character trait.

Defendant claims that, during the direct examination of his mother, defense counsel sought to elicit testimony that the use of weapons in threatening people was not within her son's character as she knew it. However, the record reflects that defense counsel did not actually inquire into this area and that no evidence of such character was improperly excluded.

During direct examination, defendant's mother testified that when her son drank he was verbally abusive, but that she had not known him to hurt anyone when he was drinking. When asked if she had ever heard him make threatening statements, she replied affirmatively but added that those who knew him "knew he did not mean it." The court then instructed the jury to disregard the witness' answer, and the witness thereafter limited her answer to her own opinion.

Thus, the defendant did not specifically ask any questions, nor did the trial court exclude evidence, concerning whether it was in the defendant's character to use weapons in threatening people. Accordingly, defendant's contention lacks merit.

The judgment is affirmed.

STERNBERG, C.J., and HUME, J., concur.