**GOLDEN ALUMINUM COMPANY,**
Petitioner–Appellee,

and

**Board of Assessment Appeals of the State of Colorado, Appellee,**

v.

**WELD COUNTY BOARD OF COUNTY COMMISSIONERS, Respondent–Appellant.**

No. 92CA1917.

Colorado Court of Appeals,
Div. V.

Dec. 16, 1993.

William A. McLain, P.C., William A. McLain, Denver, for petitioner-appellee.

No appearance for appellee Bd. of Assessment Appeals.

Thomas O. David, County Atty., Cyndy Giauque, Asst. County Atty., Lee D. Morrison, Asst. County Atty., Greeley, for respondent-appellant.

Opinion by Judge DAVIDSON.

In this property tax case, respondent, the Weld County Board of County Commissioners (County), appeals from an order of the Board of Assessment Appeals (BAA) which partially granted the claims of petitioner, Golden Aluminum Company (taxpayer), for an abatement and refund of a portion of its 1989 and 1990 personal property taxes. We affirm.

## I.

Because it asserts that taxpayer's initial abatement and refund petition was not timely filed with it as to the 1989 tax year, the County first contends that the BAA erred in failing to dismiss taxpayer's abatement and refund claims as to that year. We disagree.

Section 39–10–114(1)(a)(I)(A), C.R.S. (1993 Cum.Supp.) provides, in pertinent part, that:

[I]n no case shall an abatement or refund of taxes be made unless a petition for abatement or refund is filed *within two years after January 1* of the year following the year in which the taxes were levied. (emphasis added)

Here, it is undisputed that taxpayer's abatement and refund petition as to its 1989 personal property taxes was mailed on December 31, 1991, but was not received by the County until January 2, 1992. However, even assuming, without deciding, that such petitions are not "filed" until the date they are actually received by a county, we conclude that taxpayer's petition was timely filed on the last day of the foregoing statutory time period.

The dispositive issue here is the proper method of computing the two-year time limit under § 39–10–114(1)(a)(I)(A) for the filing of such petitions. Because the 1989 property taxes were levied in 1989, *see* § 39–1–111(1), C.R.S. (1993 Cum.Supp.), abatement and refund petitions as to that tax year were required under § 39–10–114(1)(a)(I)(A) to be filed "within two years after" January 1, 1990. We reject the County's argument that the last day of that period was December 31, 1991; rather, we hold that the last day of the filing period was January 2, 1992.

In computing this period, because nothing in § 39–10–114(1)(a)(I)(A) indicates otherwise, the day from which the two-year period begins to run is excluded and the last day of the period so computed is included. *See* § 2–4–108(1), C.R.S. (1980 Repl.Vol. 1B) & C.R.C.P. 6(a); *see also* C.R.C.P. 1(a) & 81(a). Thus, although this two-year time limit began to run in this matter on January 1, 1990, the last day of this period, when properly computed, normally would have been January 1, 1992, *i.e.*, the two-year anniversary date of the running of this period. *See Cade v. Regensberger*, 804 P.2d 238 (Colo.App. 1990) (holding that two-year anniversary date was last permissible day for filing complaint within applicable two-year statute of limitations); *Simon v. Wisconsin Marine Inc.*, 947 F.2d 446 (10th Cir.1991) (holding same under Colorado law as to separate two-year statute of limitations).

However, because January 1, 1992, was a legal holiday, *see* § 24–11–101(1), C.R.S. (1988 Repl.Vol. 10A) & C.R.C.P. 6(a), this two-year period was automatically extended until the end of the next business day, which was January 2, 1992. *See* § 39–1–120(3), C.R.S. (1982 Repl.Vol. 16B); § 2–4–108(2), C.R.S. (1980 Repl.Vol. 1B); C.R.C.P. 6(a); *see also BOP Industries, Inc. v. State Board of Equalization*, 694 P.2d 337 (Colo.App. 1984). Thus, because the County actually received taxpayer's petition as to its 1989 property taxes on January 2, 1992, we conclude that it was timely filed within the applicable period specified by § 39–10–114(1)(a)(I)(A).

In reaching this conclusion, we also note and reject the County's reliance on a recent memorandum from the property tax administrator (PTA) in support of its position. The PTA's memorandum, dated September 10, 1992, and sent to all county assessors, provides that, to be considered timely filed under § 39–10–114(1)(a)(I)(a), abatement and refund petitions must be received in the assessor's office "no later than December 31 of the second year following the year the taxes were levied." 2 *Assessors Reference Library* § VI; *see* § 39–2–109(1)(e), C.R.S. (1993 Cum.Supp.).

■ However, although the construction of a statute by the agency charged with its administration is entitled to deference, courts are not bound by an agency construction that misapplies or misconstrues the law. *See Boulder County Board of Equalization v. M.D.C. Construction Co.*, 830 P.2d 975 (Colo. 1992).

Here, the PTA's memorandum cites no authority in support of its method of computing this statutory time period, and we find it to be contrary to the plain meaning of the statutory language. Hence, we reject that construction of the statute. *See Boulder County Board of Equalization v. M.D.C. Construction Co., supra*.

In light of this disposition of the matter, we need not address the parties' other contentions as to the timeliness issue.

## II.

We also reject the County's argument that the BAA erred in partially granting taxpayer's claims for an abatement and refund of a portion of its 1989 and 1990 personal property taxes.

■ Here, taxpayer's abatement and refund claims were based on its assertion that it made "clerical errors" in reporting certain items on the personal property schedules it filed for the 1989 and 1990 tax years. Specifically, taxpayer asserted that on these schedules it mistakenly reported the cost of various repairs and replacement parts to certain large items of equipment valued as a unit that did not extend the life of such equipment, resulting in overstated valuations of its personal property.

Contrary to the County's position before the BAA, we note that, under the 1989 amendments to § 39–10–114(1)(a)(I)(A), these types of reporting errors made by a taxpayer on such schedules submitted to the assessor are expressly deemed to be included among the types of "clerical errors" that provide a statutory basis upon which an abatement and refund of personal property taxes may properly be granted. Section 39–10–114(1)(a)(I)(A), C.R.S. (1993 Cum.Supp.); *see* Colo.Sess.Laws 1989, ch. 324 at 1459–60; *see also* 2 *Assessors Reference Library* § VI at 6.11 (revised 1–92) (taxpayer reporting error listed as example of typical abatement situation that can be approved).

■ The County's reliance on § 39–5–117, C.R.S. (1982 Repl.Vol. 16B) in challenging the BAA's ruling also is misplaced.

Section 39–5–117 provides for the proportionate valuation of items of taxable personal property for less than a full calendar year whenever such property is "destroyed or demolished" after the January 1 assessment date of any year and the taxpayer timely notifies the assessor of such destruction or demolition, but any failure of the taxpayer to so notify the assessor is expressly considered to be a waiver of any such proportionate valuation. *See also* § 39–1–105, C.R.S. (1993 Cum.Supp.) (designating January 1 of each year as official assessment date). However, taxpayer in this case was not seeking any such proportionate valuations of any of its personal property, but rather was seeking only to correct the overstated valuations of certain large items of its equipment for the full tax year as of the January 1 assessment date for both the 1989 and 1990 tax years.

Further, although certain components of these large items of equipment may have been destroyed or demolished as taxpayer completed the various repairs and refurbishings, these large items of equipment had been valued as a unit, and none of the abatement and refund claims granted by the BAA here involved the destruction, demolition, or other disposition of any of these large items of equipment as a whole unit that taxpayer had improperly failed to report to the assessor. Under these circumstances, § 39–5–117 is inapposite here.

Thus, contrary to the County's argument, the BAA's ruling applied the proper legal standards, and, based on our review of the evidentiary record, its ruling partially granting taxpayer's abatement and refund claims is supported by substantial evidence in the record as a whole. This ruling therefore will not be disturbed on review. *See* §§ 24–4–106(7) & (11)(e), C.R.S. (1988 Repl.Vol. 10A); *Board of Assessment Appeals v. Colorado Arlberg Club,* 762 P.2d 146 (Colo.1988); *Gyurman v. Weld County Board of Equalization,* 851 P.2d 307 (Colo.App.1993).

Accordingly, the order of the BAA is affirmed.

MARQUEZ and BRIGGS, JJ., concur.