**SECURITYLINK FROM AMERITECH, INC., Petitioner–Appellee,**

and

**The Colorado State Board of Assessment Appeals, Appellee,**

**Mary E. Huddleston, Property Tax Administrator, Intervenor– Appellee,**

v.

**The CITY AND COUNTY OF DENVER, a municipal corporation, and the Denver County Board of Equalization, Respondents–Appellants.**

No. 99CA0951.

Colorado Court of Appeals, Div. I.

June 8, 2000.

Certiorari Denied Oct. 15, 2001.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

**500**

No Appearance for Petitioner–Appellee.

No Appearance for Appellee.

Ken Salazar, Attorney General, Larry A. Williams, First Assistant Attorney General, Denver, Colorado, for Intervenor–Appellee.

J. Wallace Wortham, City Attorney, Maria Kayser, Assistant City Attorney, Alice J. Major, Assistant City Attorney, Denver, Colorado, for Respondents–Appellants.

Opinion by Judge METZGER.

In this property tax case, respondent, the Denver County Board of Equalization (BOE), appeals the order of the Board of Assessment Appeals (BOAA) which granted the exemption claims of petitioner, SecurityLink from Ameritech, Inc. (taxpayer). Based on its interpretation of the exemption provisions of § 39–3–119.5, C.R.S.1999, the BOAA reduced the total valuation of the taxable personal property of taxpayer located in the county for the 1998 tax year. We reverse the BOAA's order and remand the cause for further proceedings.

Section 39–3–119.5 provides that, beginning with the 1997 tax year, personal property not otherwise exempt and valued at $2,500 or less shall be exempt from property tax if the personal property "would otherwise be listed on a single personal property schedule."

The primary issue in this appeal is whether the statutory $2,500 exemption threshold is applied to personal property on a "per business location" basis or on a "per schedule" basis. In ruling in taxpayer's favor, the BOAA applied the exemption threshold on a "per business location" basis, following the most recent statutory interpretation of the Property Tax Administrator (PTA), who has

intervened in this appeal. We agree with the BOE, however, that the exemption threshold must be applied on a "per schedule" basis.

The subject personal property consists of security system equipment owned by taxpayer and situated at numerous locations throughout the City and County of Denver. After the county assessor and the BOE denied taxpayer's exemption claims, taxpayer appealed to the BOAA.

In the proceedings before the BOAA, taxpayer sought to reduce the total valuation assigned to its taxable personal property in the county for the 1998 tax year based solely on its exemption claims under § 39–3–119.5 as applied on a business location basis. However, taxpayer did not otherwise challenge the valuation previously set for this property. The BOE opposed taxpayer's exemption claims, presenting evidence concerning the legislative history of § 39–3–119.5 and raising constitutional challenges to the statutory interpretation of the PTA.

Following the hearing, the BOAA granted taxpayer's exemption claims, ruling that the personal property totaling less than $2,500 per location is exempt under § 39–3–119.5. Although the BOAA found the BOE's evidence concerning the legislative history of this statute to be "convincing," the BOAA ultimately ruled that, for it, the search for the meaning of these provisions ended with the PTA's statutory interpretation. On this basis, the BOAA reduced the total valuation of the subject property for the 1998 tax year from $320,630 to $6,458.

I.

Initially, we reject the PTA's argument that the BOE lacks standing to challenge her statutory interpretations as set forth in her reference manuals.

We first note that, pursuant to § 39–2–109(1)(e), C.R.S.1999, the PTA's reference manuals are binding on the county assessors, although the statutory interpretations reflected in the manuals are not binding on reviewing courts. *See Huddleston v. Grand County Board of Equalization,* 913 P.2d 15 (Colo.1996); *see also TCI Satellite Entertain-*

*ment, Inc. v. Board of Equalization,* 9 P.2d 1179 (Colo.App.2000).

Nevertheless, § 39–8–108(2), C.R.S.1999, expressly authorizes the BOE, as the "respondent" in the proceedings before the BOAA, to petition this court for judicial review of "procedural errors or errors of law" made by the BOAA. *See also* § 30–11–105.1, C.R.S.1999 (providing that any county or county officer "shall have standing" in district court to challenge the constitutionality of a statute related to the duties or responsibilities of the county or county officer); *Vail Associates, Inc. v. Eagle County Board of County Commissioners,* 983 P.2d 49 (Colo. App.1998) (*cert. granted on other grounds* Sept. 13, 1999) (holding that § 30–11–105.1 also confers standing on a county BOE to challenge constitutionality of statute when taxpayers choose to appeal to BOAA).

Thus, regardless of whether the PTA's reference manuals are generally binding on the BOE, we conclude that the BOE has standing to challenge the statutory interpretation of § 39–3–119.5 by the BOAA and the PTA in this matter pursuant to the statutory authorization for such action provided in §§ 39–8–108(2) and 30–11–105.1. *See Maurer v. Young Life,* 779 P.2d 1317 (Colo.1989) (PTA had standing to appeal BOAA's ruling concerning certain tax year based on statutory authorization for PTA to seek judicial review); *see also Vail Associates, Inc. v. Eagle County Board of County Commissioners, supra.*

## II.

■ The BOE contends that, based on the plain language and the legislative history of § 39–3–119.5, the BOAA and the PTA erred in construing this statute to exempt personal property on a "per business location" basis rather than on a "per schedule" basis. We agree.

We find *TCI Satellite Entertainment, Inc. v. Board of Equalization, supra,* to be dispositive of the statutory construction issues.

In *TCI Satellite,* another division of this court addressed the same statutory construction issues involving § 39–3–119.5, and rejected the PTA's most recent interpretation

concerning the application of these exemption provisions.

The division in *TCI Satellite* held that, under both the plain language and the legislative history of § 39–3–119.5, the statutory $2,500 exemption threshold must be applied on a "per schedule" basis and not on a "per business location" basis. We agree with the analysis set forth in that case, and, therefore, follow its holding.

Here, as in *TCI Satellite,* personal property situated in multiple locations throughout the City and County of Denver was listed on a single personal property schedule, and the total valuation of all the property listed on the schedule far exceeded the $2,500 exemption threshold.

Like the division in *TCI Satellite,* we conclude that neither the language of the statute nor the legislative history supports the view that the General Assembly intended to exempt such property from taxation under these circumstances. *See also Golden Aluminum Co. v. Weld County Board of County Commissioners,* 867 P.2d 190 (Colo.App. 1993) (similarly rejecting another PTA memorandum as being contrary to the plain meaning of certain statutory language). Moreover, because taxpayer is not entitled to any exemption and it did not otherwise challenge the valuation of this property, the BOE's valuation must be reinstated on remand.

In view of this disposition of the issues, we need not address the remaining contentions of the parties.

The BOAA's order is reversed, and the cause is remanded to the BOAA with directions to deny taxpayer's exemption claims and to reinstate the total valuation of the subject property set by the BOE for the 1998 tax year.

Judge JONES and Judge KAPELKE concur.