2015 COA 64

**Kirk WILLIAMS, Plaintiff–Appellant,**

v.

**CROP PRODUCTION SERVICES, INC., Defendant–Appellee.**

**Court of Appeals No. 14CA0732**

Colorado Court of Appeals,
Div. V.

Announced May 7, 2015

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S. 2014.

Cross & Liechty, P.C., Robert M. Liechty, Englewood, Colorado, for Plaintiff–Appellant

Bryan Cave LLP, Michael J. Hofmann, Denver, Colorado, for Defendant–Appellee

Opinion by JUDGE TERRY

¶ 1 In this tort action, plaintiff, Kirk Williams, appeals the order of the district court dismissing his suit against defendant, Crop Production Services, Inc. Plaintiff filed the complaint two years and one day after the accrual date, and urges us to apply C.R.C.P. 6(a)(1) in computing the two-year statute of limitations period for tort actions under section 13–80–102(1)(a), C.R.S.2014. We conclude that C.R.C.P. 6(a)(1) does not apply to computation of the limitations period under that statutory section. In reaching this conclusion, we disagree with decisions of other divisions of this court to the extent they relied on C.R.C.P. 6(a)(1) to compute periods of years for statutory limitations purposes.

¶ 2 We conclude that the anniversary date time computation method controls for calculating a period of years under section 13–80–102(1)(a), so that an action must be filed no later than the second anniversary of the accrual date. Because the district court correctly computed the limitations period under this statute, and correctly concluded that plaintiff filed his complaint after the limitations period expired, we affirm the judgment in favor of defendant.

### I. Standards of Review and Applicable Law

¶ 3 We review de novo a district court's dismissal of an action based on a statute of limitations defense. *SMLL, L.L.C.*

*v. Peak Nat'l Bank,* 111 P.3d 563, 564 (Colo. App.2005).

¶ 4 We review a district court's legal conclusions de novo and its factual findings for clear error. *E–470 Pub. Highway Auth. v. 455 Co.,* 3 P.3d 18, 22 (Colo.2000). While the date of accrual of a claim is usually a question of fact, if the undisputed facts clearly establish the date in question, the issue may be decided as a matter of law. *Winkler v. Rocky Mountain Conference of United Methodist Church,* 923 P.2d 152, 158–59 (Colo.App.1995). Because the facts material to resolution of this legal issue are not in dispute, we review the district court's order de novo.

¶ 5 In interpreting a statute, our primary goals are to discern and give effect to the General Assembly's intent. *Krol v. CF & I Steel,* 2013 COA 32, ¶ 15, 307 P.3d 1116. We look first to the statutory language, giving the words and phrases used therein their plain and ordinary meanings. *Id.* We read the language in the dual contexts of the statute as a whole and the comprehensive statutory scheme, giving consistent, harmonious, and sensible effect to all of the statute's language. *Id.* After doing this, if we determine that the statute is not ambiguous, we enforce it as written and do not resort to other rules of statutory construction. *Id.*

¶ 6 We interpret a rule of procedure according to its commonly understood and accepted meaning. *City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co.,* 239 P.3d 1270, 1275 (Colo.2010). Words and provisions should not be added to a rule, and the inclusion of certain terms in a rule implies the exclusion of others. *Id.*

## II. Analysis

¶ 7 In accordance with *Martin Marietta Corp. v. Lorenz,* 823 P.2d 100, 115 (Colo. 1992), the parties agree, and we concur, that plaintiff's wrongful discharge claim sounds in tort; is subject to the two-year statute of limitations for tort actions, section 13–80–102(1)(a); and accrued on the date he was terminated by defendant, namely October 7, 2011.

¶ 8 The parties' disagreement concerns the manner of calculating the deadline for filing plaintiff's complaint. According to plaintiff, he had until October 8, 2013, to file the complaint. This amounts to two years and one day after the accrual date. Defendant counters that the complaint had to be filed no later than the second anniversary of the accrual date, namely, by October 7, 2013. We agree with defendant.

¶ 9 Plaintiff arrives at his calculation by utilizing the method of calculating time set forth in C.R.C.P. 6(a)(1). As pertinent here, that rule provides,

> In computing any period of time prescribed or allowed by these rules, the day of the act, event or default from which the designated period of time begins to run shall not be included. Thereafter, every day shall be counted, including holidays, Saturdays or Sundays. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday....

(Emphasis added.)

¶ 10 According to plaintiff, the computation method set forth in the rule dictates that the day of his termination is not to be counted, and he had until two years after October 8, 2011, to file his complaint.

¶ 11 For two reasons, we reject the application of the C.R.C.P. 6(a)(1) counting method for determining the deadline for filing an action under section 13–80–102(a).

¶ 12 *First,* statutes are enacted by the General Assembly, and we look to those statutes to determine the method of computation of statutory periods.

¶ 13 Section 13–80–102(1) provides in pertinent part that tort actions "must be commenced *within two years after the cause of action accrues,* and not thereafter." (Emphasis added.)

¶ 14 In sections 2–4–101 to –114, C.R.S. 2014, the General Assembly has set out the rules of statutory construction for words and phrases. Section 2–4–107, C.R.S.2014, provides that the word "year" as used in Colorado statutes "means a calendar year," and we

conclude that the statute therefore precludes a method of computation of years that would require counting of days. Thus, a cause of action must be filed on or before the statutorily specified anniversary date following accrual of the action.

¶ 15 This simple method of computation eliminates uncertainty caused by not knowing which days to count and which to leave out of the computation, and how to calculate limitations periods that include "leap years" containing 366 days. *See People v. Brunner*, 87 P.3d 267, 269 (Colo.App.2004) (essentially adopting anniversary date method of calculating periods of years, and recognizing that, though the General Assembly has enacted statutes directing how to calculate periods of days and months, it has not specified how periods of years are to be calculated; distinguishing § 2–4–108(1), C.R.S.2014 (procedure for computing time periods of days), and § 2–4–108(3) (procedure for computing time periods of months)); *accord United States v. Hurst*, 322 F.3d 1256, 1260–61 (10th Cir. 2003) (discussing various computation methods utilized by federal courts under Fed. R.Civ.P. 6(a), and adopting computation method resulting in deadline falling on anniversary of triggering event; rejecting "calendar" computation method that would result in deadline falling on day before the anniversary of triggering event); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.2000) (adopting anniversary rule "because the anniversary date is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer").

¶ 16 *Second*, though a prior version of C.R.C.P. 6(a)(1) purported to apply to computing statutory time periods, the rule no longer does so, and we question whether the Colorado Rules of Civil Procedure ever could have been properly applied to computation of statutory time periods.

¶ 17 The Colorado Rules of Civil Procedure are promulgated by the Colorado Supreme Court, with input from the court's Civil Rules Committee. The text of the rules acknowledges their applicability to *procedures* in the Colorado courts. C.R.C.P. 1(a) provides that "[t]hese rules *govern the procedure in the*

*supreme court, court of appeals, district court and superior courts* ... in all actions, suits and proceedings of a civil nature, whether cognizable as cases at law or in equity...." (Emphasis added.) The rules do not purport to be a guide to statutory construction.

¶ 18 It is questionable whether the supreme court, by creating a rule of civil procedure, would be able to effectively amend a statute passed by the General Assembly, unless perhaps the statute encroached on the judicial power granted exclusively to the courts under Colo. Const. art. VI, § 1. *See Dove Valley Bus. Park Assocs., Ltd. v. Bd. of Cnty. Comm'rs*, 945 P.2d 395, 403 (Colo.1997) ("Absent constitutional infringement, it is not our province to rewrite the statutes."); *Van Kleeck v. Ramer*, 62 Colo. 4, 9, 156 P. 1108, 1110 (1916) ("Except as limited by the federal or state Constitutions, the authority of the General Assembly is plenary.").

¶ 19 We recognize that, before 2006, C.R.C.P. (6)(a)(1) contained the following pertinent language:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of the court, *or by any applicable statute*, the day of the act, event or default from which the designated period of time begins to run shall not be included.

This language was consistent with the language of Fed.R.Civ.P. 6(a)(1), which states: "(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, *or in any statute that does not specify a method of computing time*." The reason for this language in the federal rule is simple: though the federal rules are created under the authority of the United States Supreme Court, that power has been delegated to the Court by Congress, and Congress has ultimate authority over the content of the federal rules. *See* 28 U.S.C. §§ 2071–2074 (2012); *Sims v. Great Am. Life Ins. Co.*, 469 F.3d 870, 878 & n.2 (10th Cir.2006).

¶ 20 In 2006, C.R.C.P. 6(a)(1) was amended, and now expressly applies "[i]n computing any period of time prescribed or allowed

*by these rules.*" (Emphasis added.) It does not purport to apply to computation of statutory time periods. There is no public record of why the language referencing statutory time periods was removed from the Colorado rule. However, in our view, removal of that language was appropriate, given that Colorado's court rules are not subject to legislative approval, and a court rule governing statutory construction creates an issue of separation of powers between the branches of government. *See* Colo. Const. art. 3; *People v. Barth,* 981 P.2d 1102, 1105 (Colo.App.1999).

¶ 21 The current version of C.R.C.P. 6(a)(1) governs the procedural computation of time for Colorado state courts' civil proceedings, such as the subpoena time requirement under C.R.C.P. 45(c), *Wilkerson v. State,* 830 P.2d 1121, 1127 (Colo.App.1992) (applying Rule 6(a) to compute the forty-eight-hour time period requirement set out in Rule 45(c)), but does not govern the computation of time periods provided in section 13–80–102(1)(a).

¶ 22 We recognize that other divisions of this court have discussed the pre–2006 version of Rule 6(a)(1) in construing statutory time periods. *See Golden Aluminum Co. v. Weld Cnty. Bd. of Cnty. Comm'rs,* 867 P.2d 190, 192 (Colo.App.1993); *Cade v. Regensberger,* 804 P.2d 238, 239 (Colo.App.1990); *Nagy v. Landau,* 807 P.2d 1227, 1228–29 (Colo.App. 1990). To the extent those cases applied Rule 6(a)(1) to construe the time periods set forth in section 2–4–108, we disagree with them.

¶ 23 However, we note that *Cade,* 804 P.2d at 239, *Golden Aluminum,* 867 P.2d at 192, and *Nagy,* 807 P.2d at 1228–29, despite referencing the computation method set out in the pre–2006 version of C.R.C.P. 6(a)(1), all reached the same result that we now reach. In each case, the result was the same as if the divisions had adopted the anniversary rule of computation. With the exception of *Golden Aluminum,* each held that the complaint had to be filed no later than the anniversary of the accrual date. The only reason for the *Golden Aluminum* division's addition of an extra day to the filing deadline for the taxpayer's refund petition was statutory: the extra day was required by section 39–1–120(3), C.R.S.2014, because the filing deadline fell on a legal holiday. *See Golden Aluminum,* 867 P.2d at 192.

¶ 24 Because the cause of action here accrued on the date of termination, *see Martin Marietta,* 823 P.2d at 115, the action had to be filed no later than the second anniversary of the date of accrual, namely, by October 7, 2013. We conclude that, because plaintiff's complaint was filed after expiration of the limitations period set forth in section 13–80–102(1)(a), the district court did not err in dismissing the action as untimely filed.

## III. Attorney Fees

¶ 25 The trial court awarded attorney fees to defendant under section 13–17–201, C.R.S. 2014, which provides for an award of attorney fees to a defendant in any tort action dismissed on a defendant's C.R.C.P. 12(b) motion. Plaintiff asks that, in the event we reverse the dismissal of his action, we also reverse the district court's award of attorney fees to defendant. Plaintiff concedes that he did not timely appeal this issue, and thus it is not properly before us, but, in any event, given our disposition of this appeal, the request is moot.

¶ 26 Because we uphold the dismissal of plaintiff's action under C.R.C.P. 12(b), we award defendant its fees and costs incurred on appeal, as required by section 13–17–201, C.R.S.2014. We exercise our discretion under C.A.R. 39.5 to remand the matter to the district court to have that court determine the appropriate amount of fees to be awarded to defendant.

## IV. Conclusion

¶ 27 The judgment is affirmed. The case is remanded to the trial court to determine the amount of appellate attorney fees to be awarded to defendant.

JUDGE ROMÁN and JUDGE ASHBY concur.