The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
September 8, 2022

## 2022COA103

**No. 21CA0109 *Mohammadi v. Kinslow* — Courts and Court Procedure — Limitation of Actions — Limitations for Persons Under Disability — When a Statute Begins to Run**

Under section 13-81-103(1)(c), C.R.S. 2021, a plaintiff who is a "person under disability" when her cause of action accrues but whose disability is later terminated may take action "within the period fixed by the applicable statute of limitations or within two years after the removal of the disability, whichever period expires later." As a matter of first impression in Colorado, a division of the court of appeals is asked to determine the application of section 13-81-103(1)(c) to a situation in which the plaintiff's disability is terminated *before* the applicable statute of limitations expires. A divided division concludes that it is bound by supreme court precedent holding that the applicable statute of limitations is tolled

during the plaintiff's period of disability and begins to run when the disability is terminated.  The division further concludes that the supreme court has not recognized any exception to this rule when the disability is terminated before the statute of limitations expires.

COLORADO COURT OF APPEALS                                   **2022COA103**

Court of Appeals No. 21CA0109
Arapahoe County District Court No. 19CV32997
Honorable John L. Wheeler, Judge

Daniala Mohammadi,

Plaintiff-Appellant,

v.

Mark Kinslow,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE YUN
Dunn, J., concurs
Welling, J., dissents

Announced September 8, 2022

The Viorst Law Offices, P.C., Anthony Viorst, David Chambers, Denver,
Colorado, for Plaintiff-Appellant

Jeremy R. Maline & Associates, Kevin R. Kennedy, Andrew M. LaFontaine,
Westminster, Colorado, for Defendant-Appellee

¶ 1     In this car-bicycle accident case, the plaintiff, Daniala

Mohammadi, a minor at the time of the accident, appeals the

district court's judgment dismissing her complaint against the

defendant, Mark Kinslow, as time barred.

¶ 2     Section 13-81-103(1)(c), C.R.S. 2021, provides that when "the

disability of any person is terminated" — e.g., when, as here, a

minor turns eighteen — "such person shall be allowed to take

action within the period fixed by the applicable statute of

limitations or within two years after the removal of the disability,

whichever period expires later."  No published Colorado opinion has

addressed the application of section 13-81-103(1)(c) to the situation

presented here, in which Mohammadi turned eighteen *before* the

applicable statute of limitations expired.

¶ 3     The district court ruled that the three-year statute of

limitations was not tolled[1] because Mohammadi's disability was

terminated — because she turned eighteen — before the limitations

---

[1] "A tolling statute suspends the running of a time period that otherwise would expire."  *Cintron v. City of Colorado Springs*, 886 P.2d 291, 294 (Colo. App. 1994).  Throughout this opinion, we use the word "toll" to mean suspend.  *See Thurman v. Tafoya*, 895 P.2d 1050, 1054 n.5 (Colo. 1995).

period expired. Thus, the court explained, Mohammadi had either three years from the date of the accident or two years from the date she turned eighteen, whichever was later, to bring her lawsuit. Because Mohammadi did not meet the later deadline, the district court granted Kinslow's motion to dismiss.

¶ 4   We reverse and remand for the district court to reinstate Mohammadi's complaint. We conclude that we are bound by supreme court precedent holding that the applicable statute of limitations is tolled during a plaintiff's period of disability and "begins to run when the minor reaches the age of eighteen." *Rudnicki v. Bianco*, 2021 CO 80, ¶ 16 (quoting *Elgin v. Bartlett*, 994 P.2d 411, 414 (Colo. 1999), *overruled on other grounds by Rudnicki*, 2021 CO 80)). We further conclude that the supreme court has not recognized any exception to this rule when the disability ends before the statute of limitations expires.

## I.   Background

¶ 5   On November 6, 2015, Mohammadi, then sixteen years old, was injured when Kinslow hit her bicycle with his car. At the time of the accident, Kinslow was making a right turn while Mohammadi was crossing the intersection. Mohammadi turned eighteen on

January 1, 2017, and sued Kinslow almost three years later, on December 30, 2019, alleging negligence and negligence per se.

¶ 6     Kinslow moved to dismiss the lawsuit as untimely.  He argued that, because Mohammadi was a minor at the time of the accident, section 13-81-103(1)(c) applied to her case.  Under that section, he argued, Mohammadi had to bring her action either within the applicable three-year limitations period (that is, by November 6, 2018) or within two years after she turned eighteen (that is, by January 1, 2019), whichever was later.

¶ 7     In response, Mohammadi agreed that section 13-81-103(1)(c) applied but argued that, under that section, the three-year limitations period was tolled and did not begin to run until her eighteenth birthday.  Accordingly, she argued, she did not need to bring her action until *three* years after she turned eighteen (that is, by January 1, 2020).  Mohammadi further advised the district court that a factually similar case was pending on appeal and asked the court to stay this case "so that the dispositive issue [of the interpretation of section 13-81-103(1)(c)] can be resolved by the Colorado Court of Appeals."

¶ 8 Later, in *Roske v. Estate of Anderson*, slip op. at ¶¶ 2, 20-21 (Colo. App. No. 19CA0484, Sept. 10, 2020) (not published pursuant to C.A.R. 35(e)), a division of this court held that, because the plaintiff was a minor at the time of her accident but turned eighteen before the three-year limitations period expired, section 13-81-103(1)(c) required her to file suit "within three years from the date of the collision, or two years from the date she turned eighteen, whichever was later."

¶ 9 While the district court noted that it could consider the unpublished *Roske* decision for its "persuasive value," *see Patterson v. James*, 2018 COA 173, ¶ 40, the court undertook its own textual analysis of section 13-81-103(1)(c). It ruled that, because Mohammadi turned eighteen before the three-year statute of limitations expired, she had either three years from the date of her accident or two years from the date she turned eighteen, whichever was later, to bring her lawsuit. Because she did not meet the later deadline, the court concluded that her suit was time barred.

## II.    Analysis

¶ 10    Mohammadi contends that the district court's interpretation of section 13-81-103(1)(c) is inconsistent with supreme court precedent.  We agree.

### A.    Standard of Review

¶ 11    The district court's judgment granting Kinslow's C.R.C.P. 12(b)(5) motion to dismiss turns on its interpretation of section 13-81-103(1)(c).  We review the court's interpretation of that statute de novo.  *Roberts v. Bruce,* 2018 CO 58, ¶ 8.

### B.    Statutory Interpretation

¶ 12    When interpreting a statute, our task is to give effect to the intent of the General Assembly.  *Klinger v. Adams Cnty. Sch. Dist. No. 50,* 130 P.3d 1027, 1031 (Colo. 2006).  In doing so, we look to the plain language of the statute as a whole and give "consistent, harmonious, and sensible effect to all its parts."  *Roberts,* ¶ 8.

¶ 13    In general, a person injured in a motor vehicle accident must bring suit within three years of the date of the accident.  *See* §§ 13-80-101(1)(n)(I), -108(1), C.R.S. 2021.  At the time of her accident, however, Mohammadi was a minor and, therefore, a "person under disability."  *See* § 13-81-101(3), C.R.S. 2021 (defining

5

a minor under eighteen as a "[p]erson under disability").

Accordingly, she was entitled to take advantage of the provisions of section 13-81-103.

¶ 14     Section 13-81-103 states, in pertinent part:

> (1) When . . . a limitation is fixed upon the time within which a right of action . . . may be asserted . . . and the true owner of said right is a person under disability at the time such right accrues, then:

> (a) If such person under disability is represented by a legal representative at the time the right accrues, or if a legal representative is appointed for such person under disability at any time after the right accrues and prior to the termination of such disability, the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability.  Such legal representative, or his successor in trust, in any event shall be allowed not less than two years after his appointment within which to take action on behalf of such person under disability, even though the two-year period expires after the expiration of the period fixed by the applicable statute of limitations.

> . . . .

> (c) If the disability of any person is terminated before the expiration of the period of limitation in paragraph (a) of this subsection (1) and no legal representative has been appointed for

him, such person shall be allowed to take action within the period fixed by the applicable statute of limitations or within two years after the removal of the disability, whichever period expires later.

¶ 15 In interpreting section 13-81-103(1)(c), the district court concluded the following:

- the phrase "before the expiration of the period of limitation in paragraph (a) of this subsection (1)" means before the expiration of the applicable statute of limitations;

- accordingly, section 13-81-103(1)(c) applies to someone who is a "person under disability" when her cause of action accrues but whose disability is "terminated" or "remov[ed]" before the applicable statute of limitations expires;

- because Mohammadi was a minor at the time of the accident but turned eighteen before the expiration of the three-year statute of limitations, section 13-81-103(1)(c) applied to her case;

- section 13-81-103(1)(c) unambiguously requires the calculation of two dates, and the later of the two

7

determines the last day on which a plaintiff's claim may be filed;

- the first date is "within the period fixed by the applicable statute of limitations" — here, three years from the date of the accident, or November 6, 2018;

- the second date is "within two years after the removal of the disability" — here, two years from Mohammadi's eighteenth birthday, or January 1, 2019; and

- because Mohammadi did not bring her action on or before January 1, 2019, the later of the two dates, it was barred.

¶ 16 The federal district court's reading of the statute in *McKinney v. Armco Recreational Products, Inc.*, 419 F. Supp. 464, 465 (D. Colo. 1976), supports these conclusions. The *McKinney* court concluded that, when a plaintiff's disability is terminated before the applicable statute of limitations expires, "[p]ursuant to § 13-81-103(1)(c)[,] the applicable statute of limitations is not tolled, but rather continues to run. However, even if the period in which suit may be brought expires[,] a plaintiff still has two years [after

8

the removal of the disability] in which to initiate an action." *Id.* The court then illustrated its interpretation of the statute as follows:

> For example, if a cause of action accruing to a minor arises under a six-year statute of limitations, but the action is not actually brought until seven years later which is three years after the minor has reached the age of majority[,] the action would be barred under § 13-81-103(1)(c) since it would be more than six years after accrual and more than two years after reaching the age of majority.

*Id.*

¶ 17     We acknowledge that both the plain language of the statute and *McKinney* support the district court's interpretation of the statute.  But while we might agree with the district court's interpretation "were we writing on a blank slate, we are not writing on such a slate." *Harner v. Chapman*, 2012 COA 218, ¶ 20, *rev'd*, 2014 CO 78.  Rather, as we will discuss below, we are bound by the decisions of our supreme court.  *Id.*

### C.     Supreme Court Precedent

¶ 18     Since *McKinney* was decided in 1976, our supreme court has made it clear that section 13-81-103(1)(c) operates as Mohammadi says it does — that is, it tolls the applicable limitations period until a minor plaintiff reaches the age of eighteen.  Our supreme court,

not the federal district court, is the ultimate arbiter of the meaning of a Colorado statute. *See People ex rel. Salazar v. Davidson*, 79 P.3d 1221, 1229 (Colo. 2003). And our supreme court has interpreted section 13-81-103 multiple times over the years.

¶ 19    In *In re Estate of Daigle*, 634 P.2d 71, 75 (Colo. 1981), the court said,

> Section 13-81-103(1), C.R.S. 1973, . . . creates what is the equivalent of a statutory toll to applicable statutes of limitations for persons under disability, such as minors, at the time a right of action accrues. Upon termination of the disability, section 13-81-103(1)(c) allows "such person . . . to take action within the period fixed by the applicable statute of limitations, or within two years after the removal of the disability, whichever period expires later."

(Citations omitted.)

¶ 20    Similarly, in *Southard v. Miles*, 714 P.2d 891, 897 (Colo. 1986), the court concluded that "there can be no question that [section 13-81-103] is intended to toll the applicable statute of limitations during the period of disability." Specifically, "[t]he provisions of section 13-81-103 . . . operate to suspend the running of the applicable statute of limitations until either the disability is

10

removed or, as expressly provided in subsection (1)(a), a 'legal representative' is appointed for the 'person under disability.'" *Id.*

¶ 21    In *Elgin*, 994 P.2d at 414, the court recognized that

> [a] person under disability, for whom the court has not appointed a legal representative, is protected by the statute of limitations' tolling provisions. *See* § 13-81-103(1)(c), 5 C.R.S. (1999). The statute of limitations begins to run when the minor reaches the age of eighteen or when, if it does, a court appoints a legal representative for the minor.

¶ 22    Most recently, in *Rudnicki,* the court reaffirmed that "we have construed section 13-81-103(1)(c)" to mean that, unless a legal representative is appointed, "the statute of limitations . . . 'begins to run when the minor reaches the age of eighteen.'" *Rudnicki,* ¶ 16 (quoting *Elgin,* 994 P.2d at 414). Although *Rudnicki* overruled *Elgin* on other grounds, it explicitly adopted *Elgin*'s reading of section 13-81-103(1)(c).

¶ 23    The dissent says that these supreme court cases are not binding because they do not address "what happens when a disability terminates, if at all, *after* the expiration of the otherwise applicable limitations period." *Infra* ¶ 40. But that is precisely what section 13-81-103(1)(c) addresses — when "the disability of

11

any person is terminated before the expiration of the period of limitation in paragraph (a) of this subsection (1)." And the supreme court, interpreting the same provision as the dissent, broadly concluded that section 13-81-103(1)(c) tolls the statute of limitations and, most recently, explained that "the statute of limitations . . . 'begins to run when the minor reaches the age of eighteen.'" *Rudnicki*, ¶ 16 (quoting *Elgin*, 994 P.2d at 414). Because the supreme court has not excepted from its broad interpretation situations in which the minor turns eighteen before the statute of limitations expires, neither may we.

¶ 24    We therefore conclude that the district court erred by finding that Mohammadi's lawsuit was time barred. Mohammadi was sixteen when the accident occurred on November 6, 2015. Under the supreme court's interpretation of section 13-81-103(1)(c), because no legal representative was appointed, the applicable three-year limitations period was tolled and did not begin to run until she turned eighteen on January 1, 2017. Consequently, as she argued, Mohammadi had until January 1, 2020 — three years from her eighteenth birthday — to file her action.

¶ 25     We are not persuaded otherwise by Kinslow's argument that

section 13-81-106, C.R.S. 2021, confirms the district court's

interpretation of section 13-81-103(1)(c).  Section 13-81-106 is

titled "Removal of disability — effect," and provides as follows:

> If before the expiration of the period fixed by
> the applicable statute of limitations the
> disability of any person under disability is
> removed, the fact of such removal shall not in
> any way affect or stop the running of the
> applicable statute of limitations, except as
> provided in section 13-81-103(1)(c).

¶ 26     Kinslow argues that, "[u]nder this provision, once the

disability is removed, the concept of tolling is wholly inapplicable."

But the operation of this provision is limited by the phrase, "except

as provided in section 13-81-103(1)(c)."  And the supreme court has

interpreted section 13-81-103(1)(c) to mean that the statute of

limitations is tolled until the minor turns eighteen.  We are not at

liberty to disregard a rule announced in prior supreme court

decisions absent "some clear indication" that the supreme court has

overruled its earlier decisions.  *Harner*, ¶ 20 (quoting *Silver v. Colo.

Cas. Ins. Co.*, 219 P.3d 324, 330 (Colo. App. 2009)).  Thus, any

tension between section 13-81-106 and the supreme court's

interpretation of section 13-81-103(1)(c) must be resolved by that court or by the legislature.

¶ 27     Nor are we persuaded by Kinslow's alternative argument that, because Mohammadi asked the district court to stay this case "so that the dispositive issue [of the interpretation of section 13-81-103(1)(c)] can be resolved" in *Roske,* she is bound by the unpublished decision of the *Roske* division. As the district court correctly noted, unpublished decisions of the court of appeals are not binding. *See Patterson,* ¶ 40 ("[O]ur supreme court has made it . . . clear that unpublished opinions 'have no value as precedent.'" (quoting *Welby Gardens v. Adams Cnty. Bd. of Equalization,* 71 P.3d 992, 999 (Colo. 2003))). And in any event, we are not obligated to follow another division's decision. *People v. Johnson,* 2020 COA 124, ¶ 12, *aff'd,* 2021 CO 79.

¶ 28     Further, we are unpersuaded by Kinslow's argument that the doctrine of judicial estoppel precludes Mohammadi from taking a position contrary to *Roske.* "Judicial estoppel is a narrow doctrine that precludes a party from taking a position in a proceeding that is totally inconsistent with a position the party took earlier in the same or related proceeding in an intentional effort to mislead the

14

court." *Tuscany Custom Homes, LLC v. Westover*, 2020 COA 178, ¶ 35. For three reasons, judicial estoppel does not apply here. First, this doctrine "normally applies to inconsistent factual positions rather than legal positions," *Arko v. People*, 183 P.3d 555, 560 (Colo. 2008), and this case involves the latter. Second, Mohammadi did not mislead, much less intentionally mislead, the district court when she stated that the court of appeals in *Roske* was considering the dispositive issue in this case. And third, Mohammadi's position on appeal is not "totally inconsistent" with her position in the district court because she never agreed to be bound by an unpublished decision.

¶ 29 For all these reasons, Mohammadi's filing of the action on December 30, 2019, fell within the time allowed by law, and the district court therefore erred by dismissing her case against Kinslow.

### III.   Request for Attorney Fees

¶ 30 Kinslow requests attorney fees under section 13-17-201, C.R.S. 2021. That statute provides that an award of attorney fees is mandatory when a district court dismisses a tort action under C.R.C.P. 12(b). *Crandall v. City of Denver*, 238 P.3d 659, 663 (Colo.

2010).  Further, "[a] party who successfully defends a dismissal order is entitled to recover reasonable attorney fees incurred on appeal." *Wilson v. Meyer*, 126 P.3d 276, 284 (Colo. App. 2005). However, because we reverse the district court's dismissal order, we deny Kinslow's request for attorney fees.

## IV.  Conclusion

¶ 31    The judgment is reversed, and the case is remanded to the district court with directions to reinstate Mohammadi's complaint. Kinslow's request for attorney fees is denied.

JUDGE DUNN concurs.

JUDGE WELLING dissents.

JUDGE WELLING, dissenting.

¶ 32     In my view, the clear and unambiguous language of section 13-81-103(1)(c), C.R.S. 2021, dictates the outcome in this case.  It is undisputed that Daniala Mohammadi turned eighteen years old — and her age-related disability terminated — before the expiration of the three-year limitations period that would have otherwise governed her claim.  Under such circumstances, section 13-81-103(1)(c) required Mohammadi to file suit within three years from the date of her injury, or two years from the date she turned eighteen, whichever was later.  Because she didn't file her complaint before this deadline, the district court properly dismissed her case.

¶ 33     Where I depart from the majority is in its interpretation and application of *Rudnicki v. Bianco*, 2021 CO 80, and *Elgin v. Bartlett*, 994 P.2d 411 (Colo. 1999), *overruled on other grounds by Rudnicki*, 2021 CO 80.  The majority concludes that *Rudnicki* and *Elgin* are controlling in the circumstances presented here.  Because I disagree, I respectfully dissent.

## I. The Unambiguous Language of the Statute Bars Mohammadi's Claim

¶ 34    "If the statutory language is unambiguous, we apply it as written and go no further." *Ford Motor Co. v. Forrest Walker*, 2022 CO 32, ¶ 19 (citing *Nieto v. Clark's Mkt., Inc.*, 2021 CO 48, ¶ 12). Only if the statutory language is ambiguous — "meaning that it is susceptible of more than one reasonable interpretation" — may we turn to other interpretive aids to discern the legislature's intent. *Id.* (citing *Nieto*, ¶ 13). And in no event do the tools at our disposal "include adding our own words or deleting any the legislature has chosen." *Id.* (citing *Nieto*, ¶ 12); *see also Dep't of Revenue v. Agilent Techs., Inc.*, 2019 CO 41, ¶ 16 ("[W]e must respect the legislature's choice of language, and we will not add words to a statute or subtract words from it.").

### A. Applying the Statute as Written

¶ 35    Article 81 of title 13 treats a minor — someone "under eighteen years of age" — as a "person under disability" for the purpose of the running of a statute of limitations. *See* § 13-81-101(3), C.R.S. 2021. And section 13-81-103 governs when and how a statute of limitations runs against certain persons who

are or were under disability. Specifically, section 13-81-103(1) is divided into three subsections, each governing a different scenario: (a) when a "legal representative" represents or is appointed to represent a person under disability; (b) when a person dies while still under disability; and (c) when the disability "terminate[s]" before the expiration of the limitations period. Here, we are faced with the third of the three circumstances contemplated by section 103(1). The pertinent paragraph provides as follows:

> If the disability of any person is terminated before the expiration of the period of limitation in paragraph (a) of this subsection (1) and no legal representative has been appointed for him, *such person shall be allowed to take action within the period fixed by the applicable statute of limitations or within two years after the removal of the disability, whichever period expires later.*

§ 13-81-103(1)(c) (emphasis added).

¶ 36 The statutory language couldn't be clearer: if (1) the disability "terminate[s]" before the expiration of the limitations period and (2) no legal representative has been appointed for the person, then the person must bring suit before the expiration of the longer of (A) what remains in the limitations period or (B) two years after the "removal of the disability." *Id.*

¶ 37    The application of this rule to the facts of this case is equally straightforward.  Mohammadi was just under two months shy of her seventeenth birthday when she was hit by a car driven by Mark Kinslow and her cause of action against him accrued.  A three-year statute of limitations applies to Mohammadi's claim against Kinslow.  *See* § 13-80-101(1)(n)(I), C.R.S. 2021.  Because she was under eighteen when she was injured, at the time her claim accrued she was "a person under disability" for the purpose of the running of the statute of limitations.  The three-year limitations period had not yet expired when Mohammadi reached her eighteenth birthday and her "disability" was removed; there were approximately twenty-two months remaining in the limitations period at that time.  Because less than two years remained on the statute of limitations when Mohammadi turned eighteen (and the disability was removed), she had two years from her eighteenth birthday (i.e., until her twentieth birthday) to file her complaint.  § 13-81-103(1)(c).  The complaint wasn't filed until two days before her twenty-first birthday, so it was untimely.  § 13-81-103(2).

## B.  Supreme Court Cases

¶ 38    Up to this point I don't think there is much daylight between my view and that adopted by the majority.

¶ 39    Where I part ways with the majority is the effect to accord a line of supreme court cases addressing how courts are to treat legal disability under circumstances not explicitly covered by section 13-81-103(1).  (Indeed, section 13-81-103 is silent as to what happens when a limitations period expires while a plaintiff is still under a disability.)

¶ 40    The cases that Mohammadi and the majority rely on address a scenario *not* covered by section 13-81-103: what happens when a disability terminates, if at all, *after* the expiration of the otherwise applicable limitations period.  *See Rudnicki*, ¶ 16; *Elgin*, 994 P.2d at 414; *cf. Southard v. Miles*, 714 P.2d 891, 897 (Colo. 1986); *In re Estate of Daigle*, 634 P.2d 71, 75 (Colo. 1981).

¶ 41    *Rudnicki* and *Elgin* are medical malpractice cases involving children who were injured at birth and at nine years old, respectively, and the applicable two-year statute of limitations, therefore, expired long before they turned eighteen.  *Rudnicki*, ¶ 1; *Elgin*, 994 P.2d at 413.

¶ 42    *Southard* and *Estate of Daigle* aren't any more on point. *Southard* involved a plaintiff who contended that he was under an ongoing disability when he attempted to amend his complaint to include a claim against an additional defendant after the underlying statute of limitations would have expired but for the alleged disability. 714 P.2d at 895. And *Estate of Daigle* involved wrongful death claims brought by three children who were still under the age of majority at the time the claims were filed on their behalf. 634 P.2d at 73.

¶ 43    Simply put, none of the cases relied on by the majority involve the application of any provision of section 13-81-103. Instead, those cases involve the supreme court filling a gap not explicitly addressed by section 13-81-103 (or any other statutory provision) — namely, how is a limitations period affected when it expires while a plaintiff is still under a disability.

¶ 44    To be sure, the cases cited by the majority speak broadly of the statute of limitations being "tolled" while a plaintiff is under eighteen. *See, e.g., Rudnicki,* ¶¶ 16-17; *Elgin,* 994 P.2d at 413-14. The majority concludes that because the supreme court has not excepted situations in which the minor turns eighteen before the

22

statute of limitations expires from its broad interpretation, neither may we. *Supra* ¶ 23. I disagree. Instead, because the supreme court hasn't addressed what happens when a plaintiff's disability is terminated before the applicable statute of limitations expires, we must look to the plain language of the statute and not extend a supreme court ruling to where the supreme court itself hasn't said it applies.

¶ 45 And I am not persuaded that the supreme court's use of sweeping language to address circumstances outside the reach of the statute at issue circumscribes the operation of the statute under circumstances actually covered by the statute. More to the point, the cases cited by the majority don't alter the plain meaning of section 13-81-103(1)(c); in my view, that slate remains blank.

## II. Application

¶ 46 The timeline below illustrates section 13-81-103(1)(c)'s application to the facts of this case. The red line represents the period that Mohammadi was under a disability due to her age; the green line represents the three-year period after the claim accrued. As shown by the red and green lines together, Mohammedi's disability terminated (she reached the age of majority) before the

three-year limitations period expired. The solid orange line represents the two-year period following the termination of the disability (the period between her eighteenth and twentieth birthdays). That period expired on January 1, 2019 (Mohammedi's twentieth birthday)[1]; the complaint wasn't filed until December 30, 2019 (the vertical blue line). Accordingly, I would conclude that Mohammadi's complaint is time barred.



| 11/6/15 | 1/1/16 | 1/1/17 | 11/6/18 | 1/1/19 | 12/30/19 | 1/1/20 |
|---|---|---|---|---|---|---|
| Claim accrues | Plaintiff turns 17 | Plaintiff turns 18 | 3 years after claim accrues | Plaintiff turns 20 | Complaint filed | Plaintiff turns 21 |

¶ 47    The limitations period urged by Mohammadi and adopted by the majority is the one shown by the dashed orange line, which is the three-year period following the termination of disability. Only this interpretation saves Mohammadi's complaint. Because this interpretation is inconsistent with section 13-81-103(1)(c) and

---

[1] Although Mohammadi's birthday falls on a legal holiday, *see* C.R.C.P. 6(a)(2), her deadline to file her negligence complaint would still have been the second anniversary of the termination of her disability, *see Morin v. ISS Facility Servs., Inc.,* 2021 COA 55, ¶¶ 14, 19; *Williams v. Crop Prod. Servs., Inc.,* 2015 COA 64, ¶ 2.

because, in my view, it isn't required by any binding authority, I reject it and, therefore, respectfully dissent.